THE STATE OF OHIO, APPELLEE, *v.* BODYKE ET AL., APPELLANTS.

[Cite as *State v. Bodyke*, 126 Ohio St.3d 1235, 2010-Ohio-3737.]

*Motion for reconsideration and/or clarification denied.*

(No. 2008-2502 — Submitted July 6, 2010 — Decided August 17, 2010.)

APPEAL from the Court of Appeals for Huron County, Nos. H-07-040,

H-07-041, and H-07-042, 2008-Ohio-6387.

ON MOTION FOR RECONSIDERATION AND/OR CLARIFICATION

_____

{¶ 1} On June 3, 2010, the court reversed the judgment of the court of appeals in this case. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ___ N.E.2d ___.

{¶ 2} Appellee, state of Ohio, and amicus curiae Ohio Attorney General have filed a joint motion for reconsideration and/or clarification.

{¶ 3} The motion for reconsideration and/or clarification is denied.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, and LANZINGER, JJ., concur.

O'DONNELL and CUPP, JJ., dissent.

_____

**CUPP, J., dissenting.**

{¶ 4} I would grant the state's motion for clarification of this court's decision in *State v. Bodyke,* to clarify that *Bodyke* does not apply to cases in which there is no prior court order classifying the defendant into a sex-offender category that existed under Megan's Law. The majority decision in *Bodyke* states that it was based on the concern that R.C. 2950.031 and 2950.032 "require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order." *Bodyke*, 126

Ohio St.3d 266, 2010-Ohio-2424, ___ N.E.2d ___, at ¶ 61. To the extent that particular sex offenders have not been previously "adjudicated by a court" to be within a particular classification under prior law, those offenders are not affected by the *Bodyke* decision. I believe that the court should grant clarification for this limited purpose.

{¶ 5} For these reasons, I dissent from the majority's decision to deny the motion for reconsideration and/or clarification.

O'DONNELL, J., concurs in the foregoing opinion.

_____

Russell V. Leffler, Huron County Prosecuting Attorney, for appellee.

Gamso, Helmick & Hoolahan and Jeffrey M. Gamso; and Hiltz, Wiedemann, Allton & Koch Co., L.P.A., and John D. Allton, for appellants.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, David M. Lieberman, Deputy Solicitor, Christopher P. Conomy, Assistant Solicitor, and James A. Hogan, Assistant Attorney General, for amicus curiae Ohio Attorney General.

_____