[Cite as *Speight v. State*, 2011-Ohio-2933.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
Nos.   96041, 96042, 96043,
96044 and 96405

---

## WILLIE SPEIGHT, III, ET AL.

PLAINTIFFS-APPELLEES

vs.

## STATE OF OHIO

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos.   CV-654590, CV-648679, CV-668227
CV-647002, and CV-648873

**BEFORE:**   Keough, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   June 16, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor
BY:   Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEES**

**For Daniel Terzin Read**

James W. Burke
Burke, Vannucci & Gallagher
22649 Lorain Road
Fairview Park, OH 44126

**For Juan Wyley**

Robert L. Tobik
Chief Public Defender
BY:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue, Ste 400
Cleveland, OH 44113

Tavon Dickerson, Pro Se
805 Alhambra Street
Cleveland, OH 44110

Willie Speight III, Pro Se
2100 Lakeside Avenue
Cleveland, OH 44114

Robert Umstead, Pro Se
3101 Chelsea Drive
Cleveland, OH 44118

KATHLEEN ANN KEOUGH, J.:

{¶ 1} In this consolidated appeal, defendant-appellant, the state of Ohio ("the State"), appeals the trial court's judgments granting the petitions contesting the application of Ohio's Adam Walsh Act ("AWA") of the plaintiffs-appellees, Willie Speight, III, Robert Umstead, Tavon Dickerson, Daniel Terzin Read, and Juan Wyley (collectively "appellees"). For the following reasons, we affirm.

{¶ 2} The Cuyahoga County Common Pleas Court convicted Speight of sexual battery in 2007, Dickerson of unlawful sexual contact with a minor in 2004, and Umstead of sexual battery in 1995. When they were each sentenced, the trial court did not conduct a hearing to determine their sex offender classification or issue a journal entry designating their classification. Accordingly, their sexually oriented offender status arose by operation of law.

{¶ 3} Read was convicted of sexual battery in 2007 in the state of Virginia. Wyley was convicted in 1997 of aggravated criminal sexual assault in the state of Illinois. Upon moving to Ohio, both Read and Wyley were classified and began registering as sexually oriented offenders under Megan's Law. Their classification arose by operation of law.

{¶ 4} After the enactment of the AWA, appellees each received notification from the Ohio Attorney General indicating their sex offender

reclassification with new reporting and notification requirements associated with that classification. Speight, Umstead, Read, and Wyley were all reclassified as "Tier III" sex offenders.[1] In 2008, appellees filed separate petitions pursuant to R.C. 2950.031 and 2950.032, contesting their reclassification and the application of the AWA.

{¶ 5} While appellees' petitions were pending, the Ohio Supreme Court issued its decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, reconsideration denied, 126 Ohio St.3d 1235, 2010-Ohio-3737, 933 N.E.2d 810, in which the Supreme Court held that, "R.C. 2950.031 and 2950.032, the reclassification provisions in the AWA, are unconstitutional because they violate the separation-of-powers doctrine." *Bodyke* at ¶2. Because those sections were held unconstitutional, the Supreme Court chose to sever the statutes. Specifically, the Supreme Court stated, "As a remedy, we strike R.C. 2950.031 and 2950.032, hold that the reclassifications of sex offenders by the attorney general are invalid, and reinstate prior judicial classifications of sex offenders." Id.

{¶ 6} Accordingly, in 2010, the trial court granted appellees' individual petitions on the authority of *Bodyke* and restored each appellee to his previous sex offender status under Megan's Law.

---

[1]The record is unclear as to Dickerson's reclassification.

**{¶ 7}** The State appeals these judgments, contending that the trial court erred in applying *Bodyke* to petitioners who (1) were not classified under Megan's Law by an Ohio court, and (2) did not demonstrate by clear and convincing evidence that they were previously classified by an Ohio court. Because these arguments are related, we address them together.

**{¶ 8}** The State argues that *Bodyke* is limited to only those individuals who were classified under Megan's Law by an Ohio court. The State maintains that where there is no prior judicial order classifying a sex offender, reclassification by the attorney general under the AWA does not violate the separation-of-powers doctrine under *Bodyke* because it does not require the opening of a final court order or a review by the executive branch of a past decision of the judicial branch. See *Bodyke* at _60-61. In support of their argument, the State cites to *Green v. State*, 1st Dist. No. C-090650, 2010-Ohio-4371, appeal allowed in part, 127 Ohio St.3d 1531, 2011-Ohio-376, 940 N.E.2d 985, and *Boswell v. State*, 12th Dist. No. CA2010–01–006, 2010-Ohio-3134. Therefore, according to the State, because appellees' original classifications under Megan's Law arose by operation of law and were not court-ordered, *Bodyke* does not apply and appellees are subject to the AWA. We disagree.

**{¶ 9}** This court has consistently and repeatedly held that pursuant to the holding in *Bodyke*, reclassification under the AWA is unconstitutional

because it violates the separation-of-powers doctrine. See e.g., *Pierson v. State of Ohio*, 8th Dist. Nos. 92173-92175, 92177, 92179, 92182-92185, 92187-92188, 92199-92206, 92240, 92248-92251, 92255-92257, 92277, 92312, 92328, 2010-Ohio-3060, and *State v. Means*, 8th Dist. Nos. 92936-92939, 92941-92945, 2010-Ohio-3082.

{¶ 10} In *State v. Majewski*, 8th Dist. No. 92372, 92400, 2010-Ohio-3178, appeal not allowed, 127 Ohio St.3d 1462, 2010-Ohio-6008, 938 N.E.2d 364, this court considered whether an individual who was convicted of sexual assault and attempted sexual assault outside the state of Ohio was bound by the reclassification scheme under the AWA. This court, in applying *Bodyke*, concluded that the reclassification of an offender whose underlying conviction occurred in Hawaii violated the separation-of-powers doctrine. Id. at _13. See, also, *State v. Ortega-Martinez*, 8th Dist. No. 95656, 2011-Ohio-2540 (recognizing that *Majewski* remains the controlling precedent and that *Bodyke* applies to out-of-state offenders); *Clager v. State*, 5th Dist. No. 10-CA-49, 2010-Ohio-6074, _25 (*Bodyke* applies to out-of-state offenders).

{¶ 11} The State contends that *Majewski* is not controlling because the "arguments raised in the instant appeal were not explicitly argued by the State in the *Majewski* case." However, the Tenth District has previously addressed and rejected the very arguments raised by the State in this appeal, holding that *Bodyke* applies to individuals whose sex offender classifications

under Megan's Law arose by operation of law. See *State v. Hazlett*, 191 Ohio App.3d 105, 2010-Ohio-6119, 944 N.E.2d 1220; *Core v. State*, 10th Dist. No. 09AP-192, 2010-Ohio-6292; *State v. Johnson*, 10th Dist. No. 10AP-932, 2011-Ohio-2009.

{¶ 12} The *Hazlett* court analyzed the *Bodyke* holding in light of *Chojnacki v. Cordray*, 126 Ohio St.3d 321, 2010-Ohio-3212, 933 N.E.2d 800, which was decided shortly after *Bodyke*.

{¶ 13} "The Supreme Court of Ohio in *Chojnacki* reiterated, 'In *Bodyke*, we severed R.C. 2950.031 and 2950.032, the reclassification provisions of the Adam Walsh Act, and held that after severance, those provisions could not be enforced.' Noting that the reclassification hearing that resulted in the appeal and the related certified question 'arose under the now-severed provisions of R.C. 2950.031 and 2950.032,' the Supreme Court dismissed the appeal. *Hazlett* at _9, quoting *Chojnacki* at _5-6.

{¶ 14} "[T]he remedy of *Bodyke*, as later clarified and reaffirmed in *Chojnacki*, was complete and total severance of the provisions providing for the attorney general's authority to reclassify sex offenders. The severance makes no distinction between those classified judicially and those classified by operation of law. Moreover, after *Bodyke* was rendered, the Supreme Court was asked for clarification on this very issue, but declined to offer either reconsideration or clarification, which suggests the effect of severance is

applicable to all sex offenders whether classified judicially or by operation of law." *Hazlett* at _11.

{¶ 15} "Given that the statutory provisions authorizing the attorney general to reclassify sex offenders have been severed and excised from the Ohio Revised Code, we find the action taken by the Supreme Court in *Bodyke*, i.e., reinstating sex offenders to their sex-offender classifications as they existed prior to the implementation of the AWA, to be equally applicable here." Id. at _12.

{¶ 16} We find the decision of the Tenth District addressing this issue well-reasoned and persuasive. Additionally, we note that one of the *Bodyke* petitioners did not have a court-ordered classification; rather, his sex offender classification arose by operation of law. We presume the Ohio Supreme Court rendered its decision in *Bodyke* recognizing the distinctions among the petitioners involved. This recognition is reflected by the remedy established in *Bodyke* that the reclassification provisions of the AWA were severed. The Court would not have selected severance as a remedy had it intended to declare the AWA reclassification provisions unconstitutional only "as applied," rather than facially, to those offenders who had classified by a court order. See *Core* at _26.

{¶ 17} Moreover, if we adopted the State's reasoning, we would have to conclude that *Bodyke* applies only to those individuals who were classified as

sexual predators or habitual sex offenders under Megan's Law, but not necessarily to sexually oriented offenders, because all individuals convicted of a sex offense are automatically classified as a "sexually oriented offender" under the statute. Under Megan's Law, the duty to register as a sexually oriented offender arises automatically if the offender pled guilty to or was convicted of a sex offense and the trial court does not make a determination that the offender was a sexual predator or habitual sex offender. *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502.

{¶ 18} In *Hayden*, the Supreme Court, in holding that due process does not require a trial court to conduct a hearing to determine if a defendant is a sexually oriented offender, made the following observation:

{¶ 19} "In fact, affording [the defendant] a hearing under these facts would be nothing more than an empty exercise. The point of such a hearing would be to determine whether [the defendant] committed a sexually oriented offense. * * * When he was convicted of [ attempted rape], which is a sexually oriented offense under R.C. 2950(D)(1)(g), [the defendant] was automatically classified as a sexually oriented offender * * *." Id. at _15.

{¶ 20} Therefore, adopting the State's reasoning, "the point of such a hearing," would be to preserve the rights of individuals who are challenging the application of the AWA. If this court applied the State's reasoning, the least serious offenders under Megan's Law, i.e. sexually oriented offenders,

would be subject to the more stringent Tier system of classification under the AWA, because their classifications arose by operation of law, whereas individuals classified as sexual predators and habitual sex offenders, the more serious offenders under Megan's Law, would get the benefit of the application of *Bodyke* and maintain their original classification under Megan's Law. This reasoning is nonsensical. To limit the holding in *Bodyke* to only those offenders who were classified by a court and not those whose classifications arose by operation of law would render unfair and unjust results.

{¶ 21} We recognize that our decision is in conflict with those of other districts regarding this issue. See *Green*, supra (First District) and *Boswell*, supra, (Twelfth District) (both holding that *Bodyke* is limited only to those offenders whose received court order classifications under Megan's Law). The Supreme Court has accepted jurisdiction to consider *Green*, but has stayed briefing pending its resolution of *State v. Williams*, Supreme Court Case No. 2009-0088. See *Green v. State*, Supreme Court Case No. 2010-1882. Until the Ohio Supreme Court renders a decision expressly limiting the holding in *Bodyke*, we will continue to apply the precedents made by this court.

{¶ 22} This appeal involved individuals whose sex-offender status under Megan's Law arose not by judicial determination but instead by operation of

law. Therefore, we hold that if an offender's classification under Megan's Law arose by operation of law, the holdings in *Bodyke* and *Chojnacki* apply and dictate that reclassifications made under the AWA are to be vacated and the prior sex-offender classification be reinstated.

{¶ 23} Accordingly, we hold that the trial court did not err in applying *Bodyke* and we overrule the State's assignments of error.

Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, J., CONCUR