[Cite as *Hannah v. State*, 2011-Ohio-2930.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 95883, 95884, 95885, 95886
95887, 95888, and 95889**

---

# JAMES S. HANNAH, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# STATE OF OHIO

DEFENDANT-APPELLEE

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-646974, CV-646851, CV-649573,
CV-648483, CV-646802, CV-676429, and CV-648566

**BEFORE:** Celebrezze, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 16, 2011

**ATTORNEYS FOR APPELLANTS**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio    44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶ 1}  These consolidated appeals arise from the trial court's rulings in a group of sex offender reclassification cases.  In Appeal Nos. 95883, 95884, 95885, 95886, 95887, 95888, and 95889, plaintiffs-appellants (collectively referred to as "appellants") appeal their reclassifications under S.B. 10, Ohio's Adam Walsh Act ("AWA").  Pursuant to the Ohio Supreme Court's recent decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, we vacate appellants' reclassifications and remand to the trial court to

reinstate their previously imposed classifications, community-notification, and registration orders.

{¶ 2} All seven appellants were previously classified as sexually oriented offenders, the least restrictive tier under Ohio's Megan's Law, based on the following offenses:

{¶ 3} James Hannah pled guilty and was convicted of rape in 1993.

{¶ 4} Otto Hansen pled guilty and was convicted of rape in 1987.

{¶ 5} David Wooten pled guilty and was convicted of attempted rape in 1993.

{¶ 6} Kenneth Mason pled guilty and was convicted of sexual battery in 2003.

{¶ 7} James Miller pled guilty and was convicted of rape in 1987.

{¶ 8} Walter Fisher was convicted in 1983 of oral copulation in Bakersfield, California.

{¶ 9} Tyrus Kenney was convicted of an offense in Norfolk, Virginia in 2005 that the Ohio Attorney General determined to be substantially equivalent to unlawful sexual conduct with a minor.

{¶ 10} Appellants' classification decisions were made after judicial hearing in all but three cases, Walter Fisher, Tyrus Kenney, and David Wooten. In Fisher's, Kenney's, and Wooten's cases, each was classified as a

sexually oriented offender by operation of law based solely on their convictions for sex offenses.

{¶ 11} As sexually oriented offenders under Megan's Law, appellants were only required to register once a year for ten years and were not subject to community notifications. See former R.C. 2950.04, 2950.05, 2950.06, and 2950.11.

{¶ 12} In 2006, Congress passed the Adam Walsh Child Protection and Safety Act ("AWA"), which created national standards for sexual offender classification, registration, and community notification. As a result, Ohio reorganized its sexual offender registration scheme in 2007 by enacting its version of the AWA, also known as S.B. 10, which became effective on July 1, 2007 and January 1, 2008. S.B. 10 repealed the three-level scheme set forth under Megan's Law ("sexually oriented offender," "habitual sexual offender," and "sexual predator"), and replaced it with a new three-tier system (Tier I, Tier II, and Tier III).

{¶ 13} Pursuant to R.C. 2950.031 and 2950.032, the Ohio Attorney General reclassified all seven appellants as Tier III sex offenders under the AWA. As a result of this new classification, appellants were required to register every 90 days for life as Tier III sex offenders rather than annually for ten years as sexually oriented offenders.

{¶ 14} Appellants filed petitions in the Cuyahoga County common pleas court to contest the application of the AWA to their respective cases. While appellants' cases were pending in the trial court, the Ohio Supreme Court held that the reclassification provisions of the AWA were unconstitutional and unenforceable. *Bodyke*, supra. In reliance on *Bodyke*, appellants each filed a motion for summary judgment, arguing that they were entitled, as a matter of law, to be returned to their previous classifications under Megan's Law. The trial court denied appellants' summary judgment motions and dismissed their petitions with prejudice. On September 21, 2010, the trial court entered the following order:

{¶ 15} "FINAL MOTION FOR SUMMARY JUDGMENT DENIED; FINAL. THIS COURT RETAINS JURISDICTION OVER ALL POST-JUDGMENT MOTIONS. COURT COST ASSESSED TO THE PLAINTIFF(S)."

{¶ 16} Appellants raise four assignments of error for review.

{¶ 17} "I. The trial court improperly denied appellants' claim that the AWA violated the separation of powers doctrine and could not be applied to them."

{¶ 18} "II. The trial court erred in dismissing appellants' AWA petitions without ruling on all of appellants' claims."

**{¶ 19}** "III. The trial court erred in sua sponte dismissing appellants' petitions without proper notice."

**{¶ 20}** "IV. The trial court erred in dismissing appellants' ex post facto, retroactivity, double jeopardy, breach of plea and contracts clause, due process, and community notification claims."

## Law and Analysis

**{¶ 21}** In their first assignment of error, appellants argue that the application of the AWA to offenders whose crimes were committed before the AWA's effective dates violates numerous constitutional rights, including the separation-of- powers doctrine.

**{¶ 22}** In *Bodyke*, supra, the Ohio Supreme Court concluded that "R.C. 2950.031 and 2950.032, the reclassification provisions in the AWA, are unconstitutional because they violate the separation-of-powers doctrine." Id. at ¶2. The court emphasized the importance of separation of powers and noted that it has "held that '[t]he administration of justice by the judicial branch of the government cannot be impeded by the other branches of the government in the exercise of their respective powers.'" Id. at ¶45, quoting *State ex rel. Johnston v. Taulbee* (1981), 66 Ohio St.2d 417, 423 N.E.2d 80, paragraph one of the syllabus.

**{¶ 23}** Concluding that R.C. 2950.031 and 2950.032 are unconstitutional, the Ohio Supreme Court chose severance as a remedy.

Specifically, the court stated, "As a remedy, we strike R.C. 2950.031 and 2950.032, hold that the reclassifications of sex offenders by the Attorney General are invalid, and reinstate prior judicial classifications of sex offenders." Id. at ¶2.

{¶ 24} The state concedes that appellants Hannah, Hansen, Mason, and Miller are entitled to have their Megan's Law classifications reinstated pursuant to *Bodyke* because they each received a court-ordered classification. See, e.g. *Pierson, et al. v. State*, Cuyahoga App. Nos. 92173-92175, 92177, 92179, 92182-92185, 92187-92188, 92199-92206, 92240, 92248-92251, 92255-92257, 92277, 92312, and 92328, 2010-Ohio-3060; *Means, et al. v. State*, Cuyahoga App. Nos. 92936-92939 and 92941-92945, 2010-Ohio-3082.

{¶ 25} However, the state argues that *Bodyke* does not apply to appellants Fisher, Kenny, or Wooten because their duty to register as sexually oriented offenders arose by operation of law.

## Fisher, Kenney, and Wooten

{¶ 26} The record indicates that Fisher's and Kenney's underlying sexual offenses occurred outside the state of Ohio. As out-of-state offenders, their duty to register as a sexually oriented offender arose automatically and by operation of law because they were convicted of a sex offense and the trial court did not make a determination that they were a sexual predator or habitual sexual offender. See *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502. Similarly, Wooten's duty to register as a sexually oriented offender arose by operation of law. Although Wooten's underlying offense occurred in the state of Ohio, his duty to register arose by operation of law because he did not receive a court-ordered classification.

{¶ 27} The state argues that because Kenney's, Fisher's, and Wooten's duty to register as sexually oriented offenders arose by operation of law rather than by judicial order, there is no separation-of-powers violation. Therefore, the state contends that Kenney, Fisher, and Wooten do not fit within the holding of *Bodyke*. We disagree.

{¶ 28} We recognize that the state raises a conceivably correct interpretation of *Bodyke* and that the language in *Bodyke* appears to limit its separation-of- powers holding to judicially classified sex offenders and not those sex offenders classified by operation of law. However, the remedy of *Bodyke* was complete and included total severance of the provisions providing

for the attorney general's authority to reclassify sex offenders. The severance makes no distinction between those classified judicially and those classified by operation of law. Moreover, after *Bodyke* was rendered, the Ohio Supreme Court was asked for clarification on this very issue, but declined to offer either reconsideration or clarification, which suggests that the effect of severance is applicable to all sex offenders, whether classified judicially or by operation of law. Therefore, offenders whose pre-AWA classification arose purely as a matter of law still must receive the benefit of the *Bodyke* remedy returning those offenders to their pre-AWA classifications because of *Bodyke's* complete severance of the statutory provisions governing reclassification by the attorney general. See *Core v. Ohio*, Franklin App. No. 09AP-192, 2010-Ohio-6292 (applying *Bodyke* to a case in which the offender's classification resulted from an out-of-state conviction); *State v. Hazlett*, 191 Ohio App.3d 105, 2010-Ohio-6119, 944 N.E.2d 1220 (applying *Bodyke* to a case in which the offender was never judicially classified and whose classification therefore arose purely as a matter of law). See, also, *Robinson v. State*, Franklin App. No. 10AP-647, 2011-Ohio-1600; *State v. Johnson*, Franklin App. No. 10AP-932, 2011-Ohio-2009.

{¶ 29} Given that the statutory provisions authorizing the attorney general to reclassify sex offenders have been severed and excised from the Ohio Revised Code, we find that the action taken by the Ohio Supreme Court

in *Bodyke*, i.e., reinstating sex offenders to their sex offender classifications as they existed prior to the implementation of the AWA, to be equally applicable here.

{¶ 30} Accordingly, we sustain appellants' first assignment of error and, in accordance with *Bodyke,* find that the reclassifications of these appellants made under the severed statutes must be vacated and their prior sex offender classifications reinstated. In light of the foregoing, appellants' remaining assignments of error, all involving other constitutional challenges to S.B. 10, are rendered moot.

{¶ 31} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellants recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR