[Cite as *Rollins v. State*, 2011-Ohio-3264.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 96192, 96193, and 96194**

---

## BERTEENA ROLLINS, ET AL.

PLAINTIFFS-APPELLEES

vs.

## STATE OF OHIO

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-646989, CV-647275, and CV-649265

**BEFORE:** Cooney, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 30, 2011
**ATTORNEYS FOR APPELLANT**

William Mason
Cuyahoga County Prosecutor

By:   Daniel T. Van
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEES**

**For Berteena Rollins and Harold Washington**

Robert L. Tobik
Chief Public Defender

By: Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**For Antonio Orr**

Antonio Orr, pro se
24411 Garden Drive, #509
Euclid, Ohio 44123


COLLEEN CONWAY COONEY, J.:

{¶ 1}   This consolidated appeal arises from the trial court's ruling in three sex offender reclassification cases.  Defendant-appellant, the state of Ohio ("State"), appeals the trial court's granting relief from reclassification for plaintiffs-appellees, Berteena Rollins

("Rollins"), Harold Washington ("Washington"), and Antonio Orr ("Orr") (collectively referred to as "appellees").[1]

{¶ 2} In 1998, Rollins (Appeal No. 96192) pled guilty to attempted rape. In 1991,Washington (Appeal No. 96193) pled guilty to three counts of sexual battery and was sentenced to two years' probation. After violating his parole twice, Washington was sentenced to prison for his original offense. In 1999, Orr (Appeal No. 96194) was convicted of corruption of a minor and sentenced to 18 months in prison.[2] The State contends that the records in these three cases contain no mention of a classification hearing or a court-ordered classification.[3]

{¶ 3} Upon release from prison and pursuant to the version of R.C. Chapter 2950 then in effect, commonly referred to as "Megan's Law," Rollins and Washington were classified as

---

[1] These appeals have been consolidated by this court for record, briefing, hearing, and disposition.

[2] Orr is not represented by the public defender and did not file a pro se brief. No further facts about his case were stipulated by either party.

[3] We note that the State has failed to submit the records as part of this appeal and therefore, "[i]n the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision." *Burrell v. Kassicieh* (1998), 128 Ohio App.3d 226, 714 N.E.2d 442. Thus, we must presume regularity in the trial court's proceedings and assume that appellees' classification was memorialized in the court's journal entry and, therefore, was properly adjudicated.

sexual offenders. Megan's Law, also known as House Bill 180, was written in 1996 and became effective in 1997.

> "Under Megan's Law, offenders who had committed a sexually oriented offense that was not registration-exempt were labeled a sexually oriented offender, a habitual sexual offender, or a sexual predator based upon the crime committed and the findings made by the trial court at a sexual-offender classification hearing." *State v. Green*, Hamilton App. No. C-090650, 2010-Ohio-4371, at ¶1, citing *State v. Clay*, 177 Ohio App.3d 78, 2008-Ohio-2980, 893 N.E.2d 909.

{¶ 4} However, a sexual offender classification hearing was only required under R.C. 2950.09 when the trial court wished to determine whether a defendant should be classified as a sexual predator or as a habitual sex offender. If the court chose not to conduct a hearing, an offender who had committed a sexually oriented offense was "automatically" designated a sexually oriented offender by operation of law. See *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶15; see, also, *State ex rel. Mason v. Griffin* (2000), 90 Ohio St.3d 299, 303, 737 N.E.2d 958.

{¶ 5} In January 2008, Ohio's Adam Walsh Act ("AWA") went into effect, repealing Megan's Law and altering the classification, registration, and notification scheme of convicted sex offenders. See R.C. Chapter 2950. The Ohio attorney general reclassified Rollins and Washington under the AWA as Tier III sex offenders.

{¶ 6} As a result, appellees individually filed petitions contesting their reclassifications, arguing that it violated numerous constitutional rights. In light of the

Supreme Court decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the trial court agreed. The trial court vacated the new classifications and reinstated those previously applied under Megan's Law.

{¶ 7} The State now appeals, raising two assignments of error.

{¶ 8} In the first assignment of error, the State argues that the trial court erred in applying *Bodyke* to the appellees because they were not classified under Megan's law by an Ohio court. The State contends that reclassifying appellees under the AWA is not a violation of the separation of powers doctrine when their original classifications were automatic under the law. In the second assignment of error, the State argues that the trial court erred in applying *Bodyke* to the appellees because they did not demonstrate by clear and convincing evidence that they were previously classified by an Ohio court. Both assignments of error pertain to the same set of facts and applicable law and will therefore be addressed together.

{¶ 9} The interpretation of the constitutionality of a statute presents a question of law. *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, 791 N.E.2d 1025. "Questions of law are reviewed de novo, independently and without deference to the trial court's decision." Id.

{¶ 10} "A regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality" and "before a court may declare it unconstitutional it must appear beyond a reasonable doubt that

the legislation and constitutional provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 128 N.E.2d 59, paragraph one of the syllabus.

{¶ 11} Moreover, the presumption of validity cannot be overcome unless it appears that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution. *Xenia v. Schmidt* (1920), 101 Ohio St. 437, 130 N.E. 24, paragraph two of the syllabus.

{¶ 12} In *Bodyke*, the Ohio Supreme Court addressed the constitutionality of the AWA, as it applies to sex offenders whose cases have been fully adjudicated prior to the enactment of the AWA, and found that:

> "[t]he AWA's provisions governing the reclassification of sex offenders already classified by judges under Megan's Law [R.C. 2950.031 and 2950.032] violate the separation-of-powers doctrine for two related reasons: the reclassification scheme vests the executive branch with authority to review judicial decisions, and it interferes with the judicial power by requiring the reopening of final judgments." *Bodyke* at ¶55.

{¶ 13} As a result, the court declared R.C. 2950.031 and 2950.032 unconstitutional and excised these sections from the statutory scheme. *Bodyke* at ¶66. The court held that:

> "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders who have already been *classified by court order* under former law, impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine.
>
> "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been *adjudicated by a court and made the subject of a final order*, violate the separation of powers doctrine by requiring the

opening of final judgments." *Bodyke*, paragraph two and three of the syllabus (emphasis added).

{¶ 14} The State argues that *Bodyke* does not apply to the appellees because they were not "classified by court order," nor were their classifications "adjudicated by a court and made the subject of a final order." Id. The State contends that this court should follow the First and Twelfth Appellate Districts, and distinguish between those sex offenders who were classified by court order and those who were automatically classified by operation of law. The State argues that reclassifying a sexual offender who was originally classified automatically does not violate the separation of powers doctrine and therefore, is not unconstitutional.

{¶ 15} In *State v. Green*, Hamilton App. No. C-090650, 2010-Ohio-4371,[4] the First District held that:

{¶ 16} "that the Supreme Court's decision in *Bodyke* does not apply to cases in which there is no prior court order classifying the offender under a sex-offender category. If there is no prior judicial order classifying the sex offender, then reclassification by the attorney

---

[4] Discretionary appeal allowed in part by *Green v. State*, 127 Ohio St.3d 1531, 2011-Ohio-376, 940 N.E.2d 985, appeal accepted on Proposition of Law Nos. I (Reclassification is unconstitutional despite "automatic" classification as sexually oriented offender), II, III, and IV; cause held for the decision in 2009-0088, *State v. Williams*, Warren App. No. CA2008-02-029, 2008-Ohio-6195.

general under Senate Bill 10 does not violate the separation-of-powers doctrine because it does not require the opening of a final court order or a review by the executive branch of a past decision of the judicial branch." Id. at ¶9.

{¶ 17} In *Boswell v. State*, Warren App. No. CA2010–01–006, 2010-Ohio-3134, the Twelfth District also held that reclassification by the attorney general under the AWA does not violate the separation of powers doctrine when there is no prior court order because it does not require the opening of a final court order or a review by the executive branch of the trial court's decision.

{¶ 18} Although the *Green* and *Boswell* courts have interpreted the language of *Bodyke* to limit the separation of powers violation to offenders classified by court order, this court has consistently held that the remedy of *Bodyke* prevents the AWA from being applied to *any* sexual offender previously classified under Megan's Law. The Ohio Supreme Court remedied the violation of the separation of powers doctrine by completely severing the provisions of the AWA that gave the attorney general the authority to reclassify sex offenders. "R.C. 2950.031 and R.C. 2950.032 are severed and, after severance, they may not be enforced." *Bodyke* at ¶281. See, also, *Chojnacki v. Cordray*, 126 Ohio St.3d 321, 2010-Ohio-3212, 933 N.E.2d 800, at ¶5 ("In *Bodyke*, we severed R.C. 2950.031 and 2950.032, the reclassification provisions of the Adam Walsh Act, and held that after severance, those provisions could not be enforced."). A complete severance of these

provisions leaves no room for interpretation. Pursuant to *Bodyke*, the attorney general is barred from reclassifying sexual offenders.

{¶ 19} In *Means v. State*, Cuyahoga App. Nos. 92936-92939, 92941-92945, 2010-Ohio-3082, discretionary appeal not allowed, 126 Ohio St.3d 1619, 2010-Ohio-5101, 935 N.E.2d 856, this court found that the attorney general's reclassification of nine appellants, previously classified under Ohio's Megan's Law, was invalid. Eight of the appellants were classified automatically. Regardless of their automatic classification, this court found that:

> "In accordance with the Ohio Supreme Court's holding in *Bodyke*, the reclassifications of the within appellants by the attorney general are invalid, and the prior judicial classifications and community-notification and registration orders previously imposed by judges should be reinstated." *Means* at ¶6.

{¶ 20} In *State v. Smith*, Cuyahoga App. No. 92550, 2010-Ohio-2880, this court found that *Bodyke* applied to a defendant whose initial classification as a sexually oriented offender was "automatic" under Megan's Law.

> "The record reflects that in 1988, Smith originally was convicted in CR-225337 of the crimes of rape, kidnapping, and gross sexual imposition. In 2001, Smith completed his sentence in that case and was released from prison. Pursuant to the version of R.C. Chapter 2950 then in effect, commonly referred to as 'Megan's Law,' Smith 'automatically' was classified as a sexually oriented offender. See, *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-1169, ¶15, 773 N.E.2d 502."

> * * *

> "The supreme court stated that these statutes 'may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are

reinstated.' [*Bodyke*] at ¶ 66." *Smith* at ¶4 & 28. See, also, *State v. Juergens*, Clark App. No. 09CA0076, 2010-Ohio-6482.

**{¶ 21}** We are not alone in our interpretation of *Bodyke*. In *State v. Hazlett*, Franklin App. No. 09AP-1069, 2010-Ohio-6119, there was no evidence that the defendant had been classified as a sexual offender by court order. It appeared that Hazlett's classification arose automatically by operation of law. Regardless, the court found that:

**{¶ 22}** "Being a court of inferior jurisdiction to the Supreme Court of Ohio, we must follow its mandates. *State v. Ryan*, 10th Dist. No. 08AP–481, 2009-Ohio-3235, ¶48. See also *State v. Land*, 3d Dist. No. 2–07–20, 2007-Ohio-6963, ¶9; *State v. Withers*, 10th Dist. No. 08AP–39, 2008-Ohio-3175, ¶13. While there is much debate over what the Supreme Court of Ohio may have meant or intended when it decided *Bodyke* and *Chojnacki*, we, as a court of inferior jurisdiction to that of the Supreme Court, are bound to follow what it did, which was to sever as unconstitutional R.C. 2950.031 and 2950.032. Given that the statutory provisions authorizing the attorney general to reclassify sex offenders have been severed and excised from the Ohio Revised Code, we find the action taken by the Supreme Court in *Bodyke*, i.e., reinstating sex offenders to their sex-offender classifications as they existed prior to the implementation of the AWA, to be equally applicable here." *Hazlett* at ¶12.

**{¶ 23}** In light of the precedent of this district and others, we find that regardless of the manner in which appellees were originally classified, R.C. 2950.031 and 2950.032 have been

severed and may no longer be enforced. Thus, we find that the trial court did not err in applying *Bodyke* to Rollins, Washington, and Orr.

{¶ 24} Accordingly, the State's two assignments of error are overruled.

Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR