[Cite as *Stokar v. State*, 2011-Ohio-3389.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   95865

---

## WILLIAM STOKAR

PLAINTIFF-APPELLEE

vs.

## STATE OF OHIO

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-648412

**BEFORE:**  Keough, J., Sweeney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**  July 7, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:   Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Chief Public Defender

BY:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue, Ste 400
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1}   Defendant-appellant, the state of Ohio ("the State"), appeals the trial court's judgments granting the petition of the plaintiff-appellee, William Stokar ("Stokar"), contesting the application of Ohio's Adam Walsh Act ("AWA").   For the following reasons, we affirm.

{¶ 2}   The Cuyahoga County Common Pleas Court convicted Stokar of sexual imposition in 2001.   When he was sentenced, the trial court did not conduct a hearing to determine his sex offender classification or issue a

journal entry designating his classification. Accordingly, his sexually oriented offender status arose by operation of law. Under Megan's Law, which was in effect when Stokar was sentenced, sexual imposition against an adult is a presumptively registration-exempt offense, and unless the trial court overcomes this presumption, the offender is not required to register. The trial court did not issue an order removing the presumption and subjecting Stokar to registration; thus he had no duty to register under Megan's Law.

{¶ 3} After the enactment of the AWA, Stokar received notification from the Ohio Attorney General that he was being reclassified as a "Tier I" sex offender and advising him of his new reporting and notification requirements associated with that classification. In 2008, Stokar filed a petition pursuant to R.C. 2950.031 and 2950.032 contesting his reclassification and the application of the AWA.

{¶ 4} While his petition was pending, the Ohio Supreme Court issued its decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, reconsideration denied, 126 Ohio St.3d 1235, 2010-Ohio-3737, 933 N.E.2d 810, in which the Supreme Court held that, "R.C. 2950.031 and 2950.032, the reclassification provisions in the AWA, are unconstitutional because they violate the separation-of-powers doctrine." *Bodyke* at ¶2. Because those sections were held unconstitutional, the Supreme Court chose

to sever the statutes.  Specifically, the Supreme Court stated, "As a remedy, we strike R.C. 2950.031 and 2950.032, hold that the reclassifications of sex offenders by the attorney general are invalid, and reinstate prior judicial classifications of sex offenders." Id.

{¶ 5}  Accordingly, in 2010, the trial court granted Stokar's petition pursuant to *Bodyke* and restored him to his previous sex offender status under Megan's Law.  The State appeals this judgment, contending that the trial court erred in applying *Bodyke* to a petitioner who (1) was not classified under Megan's Law by an Ohio court, and (2) did not demonstrate by clear and convincing evidence that they were previously classified by an Ohio court.

{¶ 6}  This court has recently addressed and overruled the same arguments and issues that the State raises in the instant appeal.  See *State v. Speight*, Cuyahoga App. Nos. 96041-96045, 2011-Ohio-2933, and *State v. Hannah*, Cuyahoga App. Nos. 95883-95889, 2011-Ohio-2930.

{¶ 7}  Moreover, we take judicial notice that the Ohio Attorney General has removed Stokar from Ohio's Sex Offender Registry because his conviction for sexual imposition was not a sex offense at the time of his conviction in 2001.

{¶ 8}  Accordingly, the trial court did not err in applying *Bodyke* and we overrule the State's assignments of error.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR