[Cite as *Johnson v. State*, 2011-Ohio-3470.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
Nos.   95842, 95843, 95844, 95845,
95846, 95847, 95848, and 95849

---

## MICHAEL JOHNSON, ET AL.

PLAINTIFFS-APPELLEES

vs.

## STATE OF OHIO

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeals from the
Cuyahoga County Court of Common Pleas
Case No. CV-666875, CV-648395, CV-649493, CV-655194,
CV-648100, CV-646671, CV-650694, and CV-652766

**BEFORE:**     Boyle, J., Blackmon, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   July 14, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor
BY:   Daniel T. Van
Assistant County Prosecutor
8th Floor, Justice Center
1200  Ontario Street
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEES**

**For Thomas J. Keppler, Jeffrey S. Mader,
Clemon Crawford, Joseph A. Dohar, Guy Brewer,
and Earnest Tisdel, Jr.**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio   44113

**For Alan D. Christine, Jr.**

Michael V. Heffernan
75 Public Square, Suite 700
Cleveland Ohio   44113

Michael P. Shaughnessy
Thomas E. Shaughnessy
11510 Buckeye Road
Cleveland, Ohio   44104

Michael Johnson, pro se
1373 West 80th Street, #5
Cleveland, Ohio   44102

MARY J. BOYLE, J.:

{¶ 1} This consolidated appeal arises from the trial court's ruling in eight sex offender reclassification cases. Defendant-appellant, the state of Ohio ("State"), appeals the trial court's judgments granting relief from reclassification under Ohio's Adam Walsh Act ("AWA") for the plaintiffs-appellees, Michael Johnson, Jeffrey Mader, Alan Christine, Jr., Clemon Crawford, Joseph Dohar, Thomas Keppler, Guy Brewer, and Earnest Tisdel, Jr. (collectively referred to as "appellees"). We affirm.

{¶ 2} All eight appellees were initially classified by operation of law under Ohio's Megan's Law. But after Ohio enacted the AWA, the appellees were reclassified, subjecting them to new reporting and notification requirements. Consequently, in 2008, each of the appellees filed a petition with the Cuyahoga County Court of Common Pleas, contesting their reclassification and the application of the AWA. While appellees' petitions were pending, the Ohio Supreme Court issued its decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, wherein the Court held that, "R.C. 2959.031 and 2950.032, the reclassification provisions in the AWA, are unconstitutional because they violate the separation-of-powers doctrine." *Bodyke* at ¶2.

{¶ 3} Consistent with the Ohio Supreme Court's holding in *Bodyke*, the trial court subsequently granted the appellees' individual petitions and restored each appellee to his previous sex offender status under Megan's Law.

{¶ 4} The State appeals, raising the following two assignments of error:

{¶ 5} "I. The trial court erred in applying *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, to a petitioner who was not classified under Megan's Law by an Ohio court because under these circumstances there is no violation of the separation of powers doctrine.

{¶ 6} "II. The trial court erred in applying *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, to a petitioner who did not demonstrate by clear and convincing evidence that they were previously classified by an Ohio court."

{¶ 7} The gravamen of the State's appeal is that (1) *Bodyke* is not applicable to the appellees because their original classifications arose by operation of law — not a court-ordered classification; and (2) absent evidence that they were originally classified by an Ohio court, they were not entitled to relief.

{¶ 8} Recently, however, this court has addressed and overruled these same arguments and issues that the State raises in the instant appeal, recognizing that *Bodyke* applies when an offender's classification under Megan's Law arose by operation of law. See, e.g., *Speight v. State*, 8th Dist. Nos. 96041-96405, 2011-Ohio-2933; *Hannah v. State*, 8th Dist. Nos. 95883-95889, 2011-Ohio-2930; *Rollins v. State*, 8th Dist. Nos. 96192-96194, 2011-Ohio-3264. Indeed, "regardless of the manner in which appellees were originally classified, R.C. 2950.031 and 2950.032 have been severed and may no longer be enforced." *Rollins* at ¶23. Consistent with this authority, we find that the trial court did not err by

granting appellees' petitions and reinstating their prior sex offender classifications that arose by operation of law under Megan's Law.    The State's assignments of error are overruled.

Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR