[Cite as *Williams v. State*, 2011-Ohio-4118.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 96038, 96039, and 96040**

---

## RICARDO L. WILLIAMS, ET AL.

PLAINTIFFS-APPELLEES

vs.

## STATE OF OHIO

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-667345, CV-648777, and CV-655465

**BEFORE:**   S. Gallagher, J., Sweeney, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   August 18, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY: Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEES**

Robert L. Tobik
Cuyahoga County Public Defender

By: Cullen Sweeney
Assistant Public Defender
Suite 200
310 Lakeside Avenue
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶ 1}   The state of Ohio, in a consolidated appeal, appeals the trial courts' decisions to deem Samual Dan's, Randall Laraway's, and Ricardo Williams's (collectively "appellees") reclassification under Ohio's Adam Walsh Act ("AWA") unconstitutional in each of their respective cases pursuant to *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753.   For the following reasons, we affirm the decisions of the trial courts.

**{¶ 2}** Dan and Laraway were convicted, in sister states, of crimes substantially similar to Ohio sex offenses. Both were required to register as sex offenders upon residing in Ohio and did so under Megan's law — ultimately replaced by the AWA. Their registration duties arose by operation of law. Williams was convicted of rape and felonious assault with specifications in Cuyahoga County; however, Williams was never adjudicated a sexually oriented offender. Therefore, there is no prior judicial order requiring Williams to register. His registration requirements likewise arose by operation of law. Upon enacting the AWA, the Attorney General reclassified the appellees into the AWA tier system.

**{¶ 3}** The appellees filed separate petitions challenging the constitutionality of the reclassification and asking the trial courts to restore the registration requirements that applied pursuant to Megan's law. During the pendency of their challenges, the Ohio Supreme Court rendered its decision in *Bodyke*, holding that the reclassification provisions of R.C. 2950.031 and 2950.032, authorizing the Ohio Attorney General to reclassify sex offenders, violates the separation of powers doctrine as it impermissibly permits the executive branch to review and alter past decisions of the judicial branch. *Bodyke*, 126 Ohio St.3d at paragraphs two and three of the syllabus. The Ohio Supreme Court's remedy to the constitutional violation was to completely sever the offending provisions from the statute.

**{¶ 4}** The question presented by the current consolidated appeal is whether the act of severing the reclassification provision affects all offenders reclassified by the Ohio Attorney

General regardless of the means in which their registration requirements arose. The trial courts, all answering that question in the affirmative, granted the appellees' respective petitions and restored their registration requirements as under Megan's law. It is from these decisions that the state appealed, raising one assignment of error.

{¶ 5} The state's sole assignment of error, identical in all three appeals, provides as follows: "The trial court erred in applying *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, to a petitioner who was not classified under Megan's law by an Ohio court because under these circumstances there is no violation of the separation of powers doctrine." The state presents a question of law, the disposition of which hinges on the interpretation of *Bodyke*. Questions of law are reviewed de novo. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 359, 2008-Ohio-938, 884 N.E.2d 12. De novo appellate review means that a court of appeals independently reviews the record and affords no deference to a trial court's decision. *BP Communications Alaska, Inc. v. Cent. Collection Agency* (2000), 136 Ohio App.3d 807, 812, 737 N.E.2d 1050.

{¶ 6} Essentially, the state asks this court to deem the rationale behind the *Bodyke* decision as controlling the outcome of the current appeals. We must decline such a request and adhere to the effects of the remedy in *Bodyke* of severing a constitutionally infirm provision. Accordingly, and based on recent precedent, we overrule the state's sole assignment of error. *Hannah, et al. v. Ohio*, Cuyahoga App. Nos. 95883, 95884, 95886,

95887, 95888, and 95889, 2011-Ohio-2930, and *Speight v. State*, Cuyahoga App. Nos. 96041, 96042, 96043, 96044, and 96405, 2011-Ohio-2933.

{¶ 7} The legal issue in *Hannah* and *Speight* was identical to the current appeal: whether the decision in *Bodyke* applies to circumstances where the reclassification did not alter a previous judicial decision. In both cases, the sex offenders' registration requirements arose by operation of law and the Ohio Attorney General reclassified the offenders. The state argued that the Ohio Supreme Court found the reclassification provision of the AWA unconstitutional based on a separation-of-powers issue. According to the state, it therefore must follow that if separation of powers is not an issue for a particular offender — i.e., the offender's registration requirements arose as an operation of law rather than by judicial decree — then the holding in *Bodyke* is inapplicable.

{¶ 8} "We recognize[d] that the state raise[d] a conceivably correct interpretation of *Bodyke* and that the language of *Bodyke* appears to limit its separation-of-powers holding to judicially classified sex offenders and not those sex offenders classified by operation of law. However, the remedy of *Bodyke* was complete and included total severance of the provisions providing for the attorney general's authority to reclassify sex offenders." Id. at ¶ 28. This district, therefore, determined that the remedy from *Bodyke* controlled the answer to the question presented rather than the rationale behind the decision. Id.; *Speight*,

2011-Ohio-2933, ¶ 15-16; see, also, *State v. Ortega-Martinez*, Cuyahoga App. No. 95656, 2011-Ohio-2540 (holding that the decision in *Bodyke* applies to out-of-state offenders).

{¶ 9} We accordingly overrule the state's sole assignment of error. Our precedent is controlling. The Ohio Supreme Court's decision in *Bodyke* to sever the reclassification provisions divested the Attorney General of authority to reclassify appellees regardless of whether their previous registration requirements arose by judicial order or by operation of law.

{¶ 10} The decisions of the trial courts are affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
LARRY A. JONES, J., CONCUR