[Cite as *Sheets v. State*, 2011-Ohio-4098.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
Nos. 95876, 95877, 95878, 95879, and 95880

---

## WILLIAM SHEETS, ET AL.

PLAINTIFFS-APPELLEES

vs.

## STATE OF OHIO

DEFENDANT-APPELLANT

---

JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case Nos. CV-649958, CV-663683, CV-655323,
CV-656992, and CV-649862

BEFORE:    E. Gallagher, J., Sweeney, P.J., and Keough, J.

RELEASED AND JOURNALIZED:    August 18, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor
By:   Daniel T. Van
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEES**

**For William Sheets**

Stuart H. Lippe
940 Leader Building
526 Superior Ave.
Cleveland, Ohio   44114

**For Richard Ogletree**

Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio   44113

Karnell Johnson, pro se
464 Eddy Road
Cleveland, Ohio   44108

Fred Andrew Farley, Jr., pro se
10914 Nelson, Down
Cleveland, Ohio   44103

Otis Lockett, pro se
4681 Country Lane, Apt. 157

Warrensville Heights, Ohio    44128

EILEEN A. GALLAGHER, J.:

**{¶ 1}** In this consolidated appeal, the appellant, the state of Ohio, appeals the trial court's judgments granting the petitions contesting the application of Ohio's Adam Walsh Act ("AWA") filed by the appellees, William Sheets, Karnell Johnson, Fred Andrew Farley, Jr., Otis Lockett, and Richard Ogletree, in the Cuyahoga County Court of Common Pleas.   For the following reasons, we affirm.

**{¶ 2}** The Cuyahoga County Common Pleas Court convicted Sheets of rape in 1984; Johnson of sexual battery in 1991; Farley of sexual battery in 1996; Lockett of kidnapping with the purpose to engage in sexual activity in 1986; and Ogletree of rape in 1983.   At the time of the filing of the petitions in these cases each appellee was residing in Cuyahoga County and registering with the county sheriff pursuant to R.C. chapter 2950.   The dockets for each of the appellees' criminal cases reveal that the trial court in each instance never conducted a hearing to determine the appellees' sex offender classification or issued a journal entry designating their classification.[1]

---

[1] The docket for appellee Farley's sexual battery conviction, CR-321484-ZA, reflects that the state requested a sexual predator adjudication and that the trial

{¶ 3} After the enactment of the AWA, appellees each received notification from the Ohio Attorney General indicating their sex offender reclassification with new reporting and notification requirements associated with that classification. Ogletree was reclassified as a "Tier III" sex offender under the AWA. Johnson was reclassified as a "Tier II" offender. The record is unclear as to the remaining appellees' reclassifications. In 2008, each of the appellees filed petitions pursuant to R.C. 2950.031 and R.C. 2950.032, contesting their reclassification and the application of the AWA.

{¶ 4} While appellees' petitions were pending, the Ohio Supreme Court issued its decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, reconsideration denied, 126 Ohio St.3d 1235, 2010-Ohio-3737, 933 N.E.2d 810, in which the Supreme Court held that, "R.C. 2950.031 and 2950.032, the reclassification provisions in the AWA, are unconstitutional because they violate the separation-of-powers doctrine." *Bodyke* at ¶2. Because those sections were held unconstitutional, the Supreme Court chose to sever the statutes.

court ordered appellee to appear for a hearing on the matter. However the hearing was never held. The court further stated that "Notice of this hearing does not negate [appellee's] responsibility to register as a sexually oriented offender within 7 days of release with the Sheriff's Department." In the case of appellee Sheets, the docket reflects that the State declined proceedings under H.B. 180 on July 3, 2000.

Specifically, the Supreme Court stated, "As a remedy, we strike R.C. 2950.031 and 2950.032, hold that the reclassifications of sex offenders by the attorney general are invalid, and reinstate prior judicial classifications of sex offenders." Id.

{¶ 5} Thereafter, the trial court granted each appellee's petition pursuant to *Bodyke* and in each case stated, "Petitioner is restored to his previous registration status under the terms and conditions of the final decision in his criminal case." It is from these orders that the state appeals.

{¶ 6} The state first argues that the trial court erred in applying *Bodyke* to the appellees because they were classified under Megan's Law by operation of law rather than by an Ohio court. The state contends that where there is no prior judicial order classifying a sex offender, reclassification by the attorney general under the AWA does not violate the separation-of-powers doctrine under *Bodyke* because it does not require the opening of a final court order or a review by the executive branch of a past decision of the judicial branch. The state argues in its second assignment of error that the trial court erred by applying *Bodyke* to the appellees because the appellees did not demonstrate by clear and convincing evidence that they were previously classified by an Ohio court.

{¶ 7} This court recently addressed these precise arguments in *Speight*

*v. State of Ohio*, 2011-Ohio-2933, Cuyahoga App. Nos. 96041, 96042, 96043, 96044, 96405 and *Hannah v. Ohio,* 2011-Ohio-2930, Cuyahoga App. Nos. 95883, 95884, 95885, 95886, 95887, 95888, 95889.

{¶ 8} In *Hannah* we stated, "[w]e recognize that the state raises a conceivably correct interpretation of *Bodyke* and that the language in *Bodyke* appears to limit its separation-of-powers holding to judicially classified sex offenders and not those sex offenders classified by operation of law. However, the remedy of *Bodyke* was complete and included total severance of the provisions providing for the attorney general's authority to reclassify sex offenders. The severance makes no distinction between those classified judicially and those classified by operation of law." We concluded that "offenders whose pre-AWA classification arose purely as a matter of law still must receive the benefit of the *Bodyke* remedy returning those offenders to their pre-AWA classifications because of *Bodyke*'s complete severance of the statutory provisions governing reclassification by the attorney general." Id.

{¶ 9} Until the Ohio Supreme Court renders a decision expressly limiting the holding in *Bodyke*, we will continue to apply the precedents made by this court. In further support of this conclusion, we note the Ohio Supreme Court's recent decision in *State v. Williams*, ____ Ohio St.3d ____, 2011-Ohio-3374, wherein the Court held:

"When we consider all of the changes enacted by S.B. 10 in aggregate, we conclude that imposing the current registration requirements on a sex offender whose crime was committed prior to the enactment of S.B. 10 is punitive. Accordingly, we conclude that S.B. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." Id. at ¶20.

{¶ 10} Accordingly, we hold that the trial court did not err in applying *Bodyke* and we overrule the State's assignments of error.

{¶ 11} The judgment of the trial court is affirmed.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR