[Cite as *State v. Gilbert*, 2011-Ohio-1928.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 95083 and 95084**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GABRIEL E. GILBERT

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND VACATED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-533895 and CR-529118

**BEFORE:** S. Gallagher, J., Kilbane, A.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 21, 2011

**ATTORNEY FOR APPELLANT**

David J. Goodwin
P.O. Box 94033
Cleveland, OH 44101-6033

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:  W. Mona Scott
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Gabriel Gilbert appeals his convictions in Cuyahoga County Common Pleas Court Case Nos. CR-529118 and CR-533895.  The state indicted Gilbert on one count for failure to verify his current address in violation of R.C. 2950.06(F) in CR-529118 and one count for failure to provide notice of a change of address in violation of R.C. 2950.05(E)(1) in CR-533895.[1]  Both cases present a similar issue, and we will address both appeals together.  For

---

[1]  The indictment lists the violation pursuant to R.C. 2950.05(E)(1), the previous version of R.C. 2950.05(F)(1), which went into effect January 2008.  The version of that section in effect at the

the following reasons, we reverse Gilbert's conviction and vacate his sentence in both cases.

**{¶ 2}** According to the state, on June 9, 2003, Gilbert pleaded guilty to two counts of unlawful sexual conduct with a minor. He was sentenced to three years of community control sanctions and classified as a sexually oriented offender under Megan's Law. Under that classification, Gilbert had to register and verify his address annually for ten years. That obligation expires June 9, 2013. In June 2008, in a separate case, Gilbert pleaded guilty to one count of failure to verify his address and was sentenced to one year of community control sanctions.

**{¶ 3}** Gilbert was indicted again in CR-529118 and CR-533895 for failure to verify his current address and failure to notify of a change in address. Both cases subjected Gilbert to sentencing enhancements based on his 2008 failure-to-verify conviction. Gilbert pleaded no contest, and the trial court found him guilty in both cases. It sentenced him to an aggregate of four years in jail. It is from those convictions and sentence that Gilbert now appeals.

**{¶ 4}** Gilbert raises two assignments of errors for our review, as follows:

---

time of the indictment was R.C. 2950.05(F)(1). The language of the provisions is identical.

**{¶ 5}** "I. It was error for the trial court to enter judgments of conviction against appellant by applying to him a statutory scheme (i.e., Ohio's Adam Walsh Act) for the reclassification of sexual offenders that has since been determined to be unconstitutional, and thus unenforceable, when applied to offenders, like appellant, who were previously adjudicated and classified by judges under Ohio's Megan's Law."

**{¶ 6}** "II. The trial court erred by imposing upon appellant retroactively and enhanced, mandatory prison term penalty for violation of sexual offender notification and verification requirements pursuant to amended Revised Code 2950.99 even though appellant's underlying sexual offense, and original sexual offender classification, preceded amendment of 2950.99, and reclassication [sic] of appellant's offender status has since been determined to be unconstitutional."

**{¶ 7}** In light of *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753 and *State v. Gingell*, Slip Opinion No. 2011-Ohio-1481, we find that Gilbert's first assignment of error has merit and is fully dispositive of his appeal.

**{¶ 8}** Ohio's Adam Walsh Act ("AWA") went into effect in January 2008. The legislature, through R.C. 2950.031 and 2950.032, authorized the Ohio Attorney General to reclassify offenders such as Gilbert into the tier system of the AWA. The Ohio Supreme Court held that the reclassification

under the AWA was unlawful if offenders, **from a prior court order**, had a duty to report under Megan's Law. *Bodyke*, 126 Ohio St.3d 266, at ¶ 22. Further, failing to report based on an AWA registration requirement unlawfully imposed cannot serve as the basis of a reporting violation charge. *State v. Gingell*, 2011-Ohio-1481. The Ohio Supreme Court did not address this issue from the context of the reporting requirements being the same under AWA and Megan's law.

{¶ 9} In *State v. Page*, Cuyahoga App. No. 94369, 2011-Ohio-83, this court held that reporting requirements originating from the unlawful reclassification cannot serve as the basis for a reporting violation. Id. at ¶ 11. The majority noted that *Bodyke* does not create "a fictitious distinction between an unlawful reclassification 'that imposes a more onerous verification requirement' and a reclassification that does not impose heightened verification requirements. *Bodyke* deemed reclassifications under the AWA unlawful, the only condition being that the offender has 'already been classified by court order under former law.'" Id. at ¶ 10, fn.1.

{¶ 10} This distinction is important. Once an offender was reclassified through R.C. 2950.031 and R.C. 2950.032, the offenders' obligation to report stemmed from the AWA and their reclassification. Therefore, the violations for an offender's failure to verify or notify of a change of address pursuant to R.C. 2950.06(F) and R.C. 2950.05(F)(1) were based on the duties imposed by the AWA. Any attempt to deem the convictions otherwise valid would be

essentially amending the indictment after the fact to charge an offender with a violation based on the reporting duties under Megan's Law, which were not reinstated until the Supreme Court issued the *Bodyke* decision. *Bodyke*, 126 Ohio St.3d at 281.

{¶ 11} In the instant case, we first note that neither the trial court nor Gilbert had the benefit of the *Bodyke* decision during the pendency of proceedings. The state concedes that Gilbert's conviction must be vacated in CR-533895 based on his reclassification under AWA and the rationale in *Bodyke*. We agree, despite the fact that the record from the trial court does not establish his reclassification. We must presume that Gilbert was originally subject to a reporting requirement by prior court order under Megan's Law and reclassified when AWA went into effect in January 2008 based on the state's representation. Nothing in the record indicates otherwise.

{¶ 12} Gilbert's reclassification under the AWA is contrary to the law. Adhering to precedent in this district, convictions arising from reporting violations under the AWA for any individual reclassified under its provisions are also contrary to law. *Page*, Cuyahoga App. No. 94369, at ¶ 10; see, also, *State v. Smith*, Cuyahoga App. No. 92550, 2010-Ohio-2880, ¶ 29; *State v. Patterson*, Cuyahoga App. No. 93096, 2010-Ohio-3715; *State v. Jones*, Cuyahoga App. No. 93822, 2010-Ohio-5004.

{¶ 13} The state argues that Gilbert's conviction in CR-529118 is valid because his duty to notify the sheriff of a change in primary residency was the same under Megan's Law

as it is under AWA.   The state claims R.C. 2950.05(E)(1) can be severed from the provision declared unconstitutional in *Bodyke*.   We find this argument is without merit.

{¶ 14} The state's attempt to implicate Gilbert's reporting requirements under Megan's Law by claiming that Gilbert's violation was a violation of R.C. 2950.05(E)(1) is misplaced. Both that section and the version in effect at the time of Gilbert's reporting violation, R.C. 2950.05(F)(1), require those with a duty to register to provide the sheriff with notice of a change in address.   R.C. 2950.05(A).

{¶ 15} Gilbert's reclassification was deemed unconstitutional and therefore cannot serve as the predicate for the violations charged in the indictments in either case, even if the reporting requirements under the AWA and Megan's Law are identical.   See, e.g., *Gingell*, 2011-Ohio-1481; *State v. Godfrey*, Summit App. No. 25187, 2010-Ohio-6454 (reversing the trial court's conviction for failure to register and failure to notify of a change of address based on the rationale from *Bodyke*).   Gilbert's first assignment of error is sustained.

{¶ 16} Because of our resolution of Gilbert's first assignment of error, the second assignment of error is moot and we need not address the issues raised.   See App.R. 12(A)(1)(c).

Judgment reversed, and the sentences imposed are vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR