[Cite as *State v. Ortega-Martinez*, 2011-Ohio-2540.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95656

STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

ANGEL ORTEGA-MARTINEZ

DEFENDANT-APPELLEE

JUDGMENT:
AFFIRMED

Criminal Appeal from the

Cuyahoga County Court of Common Pleas
Case No. CR-534907

**BEFORE:**    Stewart, P.J., Sweeney, J., and Jones, J.

**RELEASED AND JOURNALIZED:**    May 26, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:    Daniel T. Van
            Katherine E. Mullin
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    Cullen Sweeney
            Frank Cavallo
Assistant Public Defenders
310 Lakeside Avenue, Suite 400
Cleveland, OH    44113


MELODY J. STEWART, P.J.:

{¶ 1} In 2001, appellee Angel Ortega-Martinez was convicted of statutory rape in Tennessee and classified under Tennessee law as a sexual offender.[1] After his release from prison, Ortega-Martinez moved to Ohio and registered his address with the Cuyahoga County Sheriff's Office. Pursuant to the provisions of Chapter 2950 of the Ohio Revised Code in effect at that time, as a sexually oriented offender, Ortega-Martinez was required to verify his address annually for ten years. Beginning in August 2003, Ortega-Martinez registered annually as required by law.

{¶ 2} In July 2007, the Ohio General Assembly repealed the existing sexual offender registration statutes and replaced them with Ohio's version of the Adam Walsh Act (AWA) under which a sexual offender is classified using a three-tiered system based solely upon the offense committed. Ortega-Martinez was notified that, pursuant to R.C. 2950.031 and 2950.032, the Ohio Attorney General had reclassified him as a Tier II sex offender. Ortega-Martinez was informed that beginning in January 2008 he was required to register every 180 days for 25 years.[2]

---

[1] There were only two possible sexual offender classifications available under Tennessee law at that time: sexual offender or violent sexual offender.

[2] On March 5, 2008, Ortega-Martinez filed a civil petition contesting his reclassification under the AWA. While this appeal was pending, the trial court granted Ortega-Martinez's petition and found that, pursuant to *State v. Bodyke*, 126 Ohio St.3d, 266, 2010-Ohio-2424, 933 N.E.2d 753, Ortega-Martinez's reclassification was unconstitutional. The state has appealed this decision.

{¶ 3} On June 3, 2010, the Supreme Court of Ohio decided *Bodyke*, in which it concluded that R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders who have already been classified by court order under former law, was an unconstitutional violation of the separation-of-powers doctrine. As a remedy, the court held "that R.C. 2950.031 and 2950.032 are severed and, that after severance, they may not be enforced." Id. at ¶66.

{¶ 4} Ortega-Martinez was indicted for failing to verify his address on January 9, 2010 in violation of R.C. 2950.06(F), a fourth degree felony. Ortega-Martinez filed a motion to dismiss the indictment on the grounds that it was based upon the attorney general's unconstitutional reclassification of his sexual offender status per *Bodyke*. The state opposed the motion and argued that *Bodyke* applied only to offenders whose original sexual offender classification was adjudicated by an Ohio court, not to out-of-state offenders like Ortega- Martinez. The state also contested the use of a motion to dismiss as a challenge to an indictment that they claimed was facially valid. The trial court granted Ortega-Martinez's motion to dismiss the indictment on August 27, 2010. The state timely appeals this judgment and raises two assignments of error.

{¶ 5} "I. The trial court erred in finding that the defendant's indictment was based on the Attorney General's unconstitutional reclassification."

{¶ 6} It is the state's contention that *Bodyke* is limited to those cases in which there was an adjudication of a sexual offender's classification by an Ohio court prior to the attorney general's notice of reclassification. The state maintains that with Ortega-Martinez, as with all out-of-state offenders, the Ohio sexual offender classification arose by operation of law and not by court order. The state argues that because there is no judicial order from an Ohio court classifying out-of-state offenders, there can be no violation of the separation of powers doctrine and, therefore, the attorney general is not precluded from reclassifying the offender under the new Ohio classifications.

{¶ 7} Shortly after *Bodyke* was released, this court was called upon to determine whether that holding also applied to an out-of-state offender whose sexual offender status had been reclassified by the Ohio Attorney General. In *Majewski v. State*, 8th Dist. Nos. 92372 and 92400, 2010-Ohio-3178, the defendant had been convicted of sexual assault and attempted sexual assault in Hawaii and was classified as a sexually oriented offender, the least restrictive classification. After release from prison, he moved to Ohio and registered with the sheriff's office. In 2007, he was notified that, pursuant to the passage of S.B. 10, the Ohio Attorney General had reclassified him as a

Tier III sex offender, the most restrictive classification, which required that he register with the sheriff's office every 90 days for life. Majewski contested his reclassification arguing that the AWA was unconstitutional. The trial court upheld the reclassification.

{¶ 8} On appeal, we reversed, stating:

{¶ 9} "In *Bodyke*, the Ohio Supreme Court recently determined that the AWA violates the separation of power doctrine, stating the following: 'The AWA's provisions governing the reclassification of sex offenders already classified by judges under Megan's Law violates the separation-of-powers doctrine for two related reasons: the reclassification scheme vests the executive branch with authority to review judicial decisions, and it interferes with the judicial power by requiring the reopening of final judgments.' Id. at ¶55.

{¶ 10} "Essentially, the AWA is a legislative mechanism to reopen the judgments on countless sex offender classifications, and reclassify those individuals, usurping the initial judgment of the trial court. Only appellate courts have the power to affirm, reverse, or modify a final judgment. *Bodyke* at ¶58; Section 3(B)(2), Article IV, Ohio Constitution."

{¶ 11} The state appealed our decision in *Majewski* to the Ohio Supreme Court upon the identical argument raised in this appeal. On December 15, 2010, the supreme court dismissed the appeal as not involving any substantial

constitutional question. *Majewski v. State*, 127 Ohio St.3d 1462, 2010-Ohio-6008, 938 N.E.2d 364 (Table). Accordingly, our holding that *Bodyke* applies to out-of-state offenders remains controlling precedent in this jurisdiction. The state's first assignment of error is overruled.

{¶ 12} We note that the Fifth District Court of Appeals has also reached the same conclusion. In *Clager v. State*, 5th Dist. No. 10-CA-49, 2010-Ohio-6074, Clager was convicted in Texas of possessing child pornography. He then moved to Ohio in 2003. In 2007, he received notice that he had been reclassified as a Tier II offender under the AWA. He challenged the new classification, claiming that the Ohio Attorney General's reclassification was unconstitutional and barred by *Bodyke*. Clager argued that in one of the cases reviewed by the Ohio Supreme Court, in *In re Sexual-Offender Reclassification Cases,* 126 Ohio St.3d 322, 2010-Ohio-3753, 933 N.E.2d 801, ¶63, the court reversed the reclassification of an out-of-state offender who had never been classified in Ohio under Megan's Law on separation of powers grounds. ("The judgments of the courts of appeals in the following cases [including *Robinson v. State*, Hamilton App. No. C-090002] are reversed as to those portions of the judgments that rejected constitutional challenges to the Adam Walsh Act on separation-of-powers grounds, and the causes are remanded to the trial courts for further proceedings, if any, necessitated by *State v. Bodyke*." Id. at ¶15. The appellate court agreed and

held, that "out-of-state offenders are not subject to the Ohio Attorney General's reclassification as it violates the separation of powers doctrine." *Clager* at ¶25.

{¶ 13} "II.   The trial court erred in dismissing the indictment where the indictment was valid on its face."

{¶ 14} The state's second assignment of error asserts that the trial court erred in dismissing the indictment where the indictment was valid on its face.  The state argues that Ortega-Martinez's motion questions the state's ability to prove the indictment, and therefore, dismissal is not proper.

{¶ 15} As a general rule, "[a] pretrial motion must not involve a determination of the sufficiency of the evidence to support the indictment.   If the indictment is valid on its face, a motion to dismiss should not be granted." *State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-62, 907 N.E.2d 1254, ¶12, citing *State v. Eppinger*, 162 Ohio App.3d 795, 2005-Ohio-4155, 835 N.E.2d 746.   However, the Supreme Court of Ohio has carved out an exception to the general rule, noting that a court may consider material outside the face of the indictment if the "motion did not embrace what would be the general issue at trial."   *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶18; Crim.R. 12(C).   The court may consider briefs, affidavits, testimony, and other exhibits in deciding the motion.   Id.   However, a court may not

determine a pretrial motion to dismiss if it requires the trial court to also determine the general issue for trial. Id.

{¶ 16} In the instant case, the trial court did not impermissibly decide the issue for trial in ruling on Ortega-Martinez's motion to dismiss. Ortega-Martinez's motion did not address what would be the general factual issue for trial (whether the evidence showed Ortega-Martinez failed to verify his address on January 1, 2008); rather, it asserted that the question of whether Ortega-Martinez's indictment for failure to verify was predicated on an unconstitutional reclassification by the Ohio Attorney General. Because Ortega-Martinez's motion did not require a determination of the factual issue for trial, the trial court could properly consider the motion under Crim.R. 12(C).

{¶ 17} This court has held that an unlawful reclassification under Ohio's AWA cannot serve as the predicate for the crime of failure to verify. *State v. Smith*, 8th Dist. No. 92550, 2010-Ohio-2880, ¶29; *State v. Page*, 8th Dist. No. 94369, 2011-Ohio-83. Because appellant's indictment was predicated on an unlawful reclassification, he cannot be convicted of the offense charged. The trial court did not err by dismissing the indictment. The state's second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
LARRY A. JONES, J., CONCUR