[Cite as *State v. Grunden*, 2011-Ohio-3687.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 95909

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THOMAS GRUNDEN

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-525977

**BEFORE:** Sweeney, P.J., Cooney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   July 28, 2011

**FOR APPELLANT**

Thomas L. Grunden, Pro Se
No. 574-766
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Daniel T. Van, Esq.
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶ 1} Defendant-appellant Thomas Grunden appeals from the trial court's decision that denied his petition to vacate his sentence following his conviction for violating provisions of the Adam Walsh Act ("AWA"). The state agrees that defendant's reclassification under the AWA was invalid but maintains that defendant's conviction and four-year sentence should

nonetheless be affirmed. For the reasons that follow, we vacate defendant's sentence and reverse his conviction.

**{¶ 2}** Defendant was previously convicted of attempted rape, determined to be a sexually oriented offender (the lowest classification), and subjected to the reporting provisions of Megan's Law. He was subsequently reclassified under the AWA to a Tier III status (the highest classification) which, in turn, increased his reporting and registration requirements from ten years to life.

**{¶ 3}** In April 2009, defendant successfully obtained a restraining order whereby the Cuyahoga Court of Common Pleas declared that he no longer had to register under the AWA but was to comply with the requirements under Megan's Law. As part of that order, the court instructed, "the State of Ohio and/or its agents are restrained from taking any steps to reclassify the petitioner *or to implement any of the provisions of Ohio's Senate Bill 10, including, but not limited to*, its notification and registration provisions, pending resolution on the merits of petitioner's request for a permanent injunction * * *." (Emphasis added.)

**{¶ 4}** Despite the foregoing court order, defendant was nevertheless charged in July 2009 with failing to provide a notice of change of address and tampering with records under the provisions of the AWA.

{¶ 5} Defendant pled guilty to the first count, the remaining count was dismissed, and he was sentenced to a four-year prison term. Although defendant filed multiple pro se motions, this appeal is related to his attempts to vacate or set aside his sentence as being void.

{¶ 6} Defendant advances ten assignments of error; however, only the dispositive errors will be addressed.

{¶ 7} The defendant maintains that his conviction under the AWA is void and therefore should be vacated based primarily upon *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. The precedent in this district holds that "convictions arising from reporting violations under the AWA for any individual reclassified under its provisions are also contrary to law." *State v. Gilbert*, Cuyahoga App. Nos. 95083 and 95084, 2011-Ohio-1928, citing *State v. Page*, Cuyahoga App. No. 94369, 2011-Ohio-83, ¶10; see, also, *State v. Smith*, Cuyahoga App. No. 92550, 2010-Ohio-2880, ¶29; *State v. Patterson*, Cuyahoga App. No. 93096, 2010-Ohio-3715; *State v. Jones*, Cuyahoga App. No. 93822, 2010-Ohio-5004.

{¶ 8} The state recognizes that defendant's reclassification under the AWA is invalid but maintains defendant's conviction should be affirmed. First, the state maintains that the conviction should be affirmed because

defendant's duty to provide a change of address was the same whether applying the AWA or Megan's Law.

{¶ 9} While it is true that defendant had to provide a change of address under both Megan's Law and AWA, the fact remains that a violation of that duty can carry a significantly harsher penalty under the AWA than it would under Megan's Law. Compare R.C. 2950.99 (AWA) with former R.C. 2950.99 (Megan's Law). This is significant and can mean the difference between being indicted with a first degree felony as opposed to one of a lesser felony, such as a third degree felony. The Ohio Supreme Court noted this distinction when it held where the application of the AWA to an offender is based upon an unlawful reclassification, the conviction is to be vacated, and the offender's prior classification and reporting requirements under Megan's Law must be reinstated. *State v. Gingell,* 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, ¶8. Pursuant to *Gingell*, defendant's conviction must be vacated and his prior classification and attendant requirements under Megan's Law reinstated.

{¶ 10} Notwithstanding the above authority, the state asserts that the trial court was correct in denying defendant's petition because it was untimely and, therefore, left the trial court without jurisdiction to entertain it pursuant to R.C. 2953.21(A)(1). However, because Grunden's

reclassification under the AWA was invalid, it rendered his conviction under it void. We simply cannot brush over the fact that the indictment failed to properly allege an offense against him just because he pled guilty to it and did not timely appeal. Grunden is subject to charges for violating the provisions of his classification under Megan's Law, not his invalid classification under the AWA. The law is quite clear; Grunden could not be reclassified under the AWA, and the improper classification cannot serve as a predicate for an offense against him. *Gingell,* 2011-Ohio-1481; *Gilbert*, 2011-Ohio-1928; *Page*, 2011-Ohio-83; *Smith*, 2010-Ohio-2880; *Patterson*, 2010-Ohio-3715; *State v. Jones*, 2010-Ohio-5004. As such, his conviction pursuant to his invalid reclassification is not subject to principles of res judicata and remained subject to collateral attack at any time.

{¶ 11} In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238,942 N.E.2d 332, the Ohio Supreme Court held:

{¶ 12} "* * * A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.* * *" Id. at ¶1.

{¶ 13} That logic applies equally where a sentence is imposed for a conviction obtained as a consequence of an invalid reclassification under the

AWA. For the foregoing reasons, the trial court erred by denying defendant's petition to vacate his void sentence. The remaining assignments of error are overruled as moot.

Judgment reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is, therefore, considered that said appellant recover of said appellee his costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

JAMES J. SWEENEY, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
SEAN C. GALLAGHER, J., CONCUR