[Cite as *State v. Williams*, 2011-Ohio-6763.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97005**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## JAMEL WILLIAMS

DEFENDANT-APPELLEE

JUDGMENT:

AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547900

**BEFORE:** Blackmon, P.J., Celebrezze, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** December 29, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

By: Daniel T. Van
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Mark DeFranco
Mark A. DeFranco Law Offices
55 Public Square, Suite 1600
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant, the state of Ohio ("the state"), appeals the trial court's dismissal of the indictment against appellee Jamel Williams ("Williams") and assigns the following two errors for our review:

> **"I. The trial court erred in dismissing the indictment because Jamel Williams had a duty to provide a notice of change of address under both Megan's Law and the Adam Walsh Act and his underlying criminal conduct would have been a violation of the Megan's Law requirement."**

> **"II. The trial court erred in dismissing the indictment where the indictment was valid on its face."**

**{¶ 2}** Having reviewed the record and pertinent law, we affirm the trial court's dismissal of the indictment. The apposite facts follow.

## Facts

**{¶ 3}** On November 13, 2002, Williams was convicted of importuning, a felony of the fourth degree. Pursuant to his conviction, he was classified under Am.Sub.S.B. No. 5, better known as Megan's Law, as a sexually oriented offender by operation of law and subject to yearly registration with the sheriff's department. When Megan's Law was repealed in 2008 by Am.Sub.S.B. No. 10, better known as the Adam Walsh Act ("AWA"), the attorney general reclassified Williams as a Tier I sex offender.

**{¶ 4}** In February 2011, Williams was stopped for a traffic violation by the Shaker Heights Police Department. Based on the officer's discovery that Williams was no longer living at the address he had registered with the Cuyahoga County Sheriff's Department, Williams was indicted for failure to provide a change of address pursuant to R.C. 2950.05(F)(1) of the AWA.

**{¶ 5}** On May 3, 2011, Williams filed a motion to dismiss the indictment based on the Ohio Supreme Court's decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. In *Bodyke*, the Supreme Court held that the reclassification under the AWA was unlawful if offenders, from a prior court order, had a duty to report under Megan's Law. Williams also relied on the Ohio Supreme Court case in *State v. Gingell,* 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, which held that the failure to report based on an unlawfully imposed AWA registration requirement

cannot serve as a basis of a reporting violation charge. The trial court agreed with Williams and dismissed the indictment.

## Dismissal of Indictment

{¶ 6} In its first assigned error, the state argues the trial court erred by dismissing the indictment because under either the AWA or Megan's Law, Williams had a duty to verify his address with authorities.

{¶ 7} The Ohio Supreme Court has held that the failure to report pursuant to an unlawfully imposed AWA registration requirement cannot serve as the basis of a reporting violation charge. *Gingell.* See, also, *State v. Brunning*, Cuyahoga App. No. 95376, 2011-Ohio-1936; *State v. Smith*, Cuyahoga App. No. 92550, 2010-Ohio-2880, ¶29; *State v. Patterson*, Cuyahoga App. No. 93096, 2010-Ohio-3715; *State v. Jones,* Cuyahoga App. No. 93822, 2010-Ohio-5004.

{¶ 8} Additionally, this court has held that an indictment based on the failure to report under an unlawfully imposed AWA registration requirement cannot serve as the basis of a reporting violation charge even if the offender would have the identical reporting obligation under Megan's Law. *State v. Gilbert*, Cuyahoga App. Nos. 95083 and 95084, 2011-Ohio-1928; *State v. Grunden*, Cuyahoga App. No. 95909, 2011-Ohio-3687.

{¶ 9} The state cites the Ohio Supreme Court's recent decision in *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, to support its position that offenders can be prosecuted for failure to register when the reporting requirements

are identical under Megan's Law and the AWA. However, our reading of *Williams* does not support this interpretation. In *Williams*, the Supreme Court held that the AWA, "as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." Id. at syllabus. Therefore, under *Williams*, offenders cannot be reclassified under the AWA. The *Williams* holding has no relevance to the issue before us. Accordingly, the state's first assigned error is overruled.

### Indictment Facially Constitutional

{¶ 10} In its second assigned error, the state argues the trial court erred by dismissing the indictment because it was valid on its face.

{¶ 11} We addressed this exact same issue in *State v. Ortega-Martinez*, Cuyahoga App. No. 95656, 2011-Ohio-2540. We held that the motion to dismiss did not challenge the indictment on its face because it did not involve a factual issue. We held:

> **"In the instant case, the trial court did not impermissibly decide the issue for trial in ruling on Ortega-Martinez's motion to dismiss. Ortega-Martinez's motion did not address what would be the general factual issue for trial (whether the evidence showed Ortega-Martinez failed to verify his address on January 1, 2008); rather, it asserted that the question of whether Ortega-Martinez's indictment for failure to verify was predicated on an unconstitutional reclassification by the Ohio Attorney General. Because Ortega-Martinez's motion did not require a determination of the factual issue for trial, the trial court could properly consider the motion under Crim.R. 12(C)."**

> **"This court has held that an unlawful reclassification under Ohio's AWA cannot serve as the predicate for the crime of failure to verify. *State v. Smith*, 8th Dist. No. 92550, 2010-Ohio-2880, ¶ 29; *State v. Page*, 8th Dist. No. 94369, 2011-Ohio-83. Because appellant's indictment was predicated on an unlawful reclassification, he cannot be**

**convicted of the offense charged. The trial court did not err by dismissing the indictment."** Id. at ¶16, 17.

**{¶ 12}** Likewise, in the instant case, Williams did not raise a factual issue regarding the indictment, but asserted the indictment was invalid because it was based on an unconstitutional reclassification.

**{¶ 13}** The state acknowledges our holding in *Ortega-Martinez*, but argues this court's decision in *State v. Caldwell,* Cuyahoga App. No. 92219, 2009-Ohio-4881,

**{¶ 14}** held that the defendant's argument to dismiss his indictment because he had no duty to register under the AWA questioned the state's ability to prove the indictment. The instant case is distinguishable from *Caldwell*. In *Caldwell*, the defendant's motion to dismiss argued that the defendant had no duty to register under the AWA because the common pleas court had previously determined that he was a sexually oriented offender who is exempt from registration. We concluded in *Caldwell* that "this motion necessarily questions the state's ability to prove the indictment, which implicitly alleged that appellee did have a duty to register. Appellee does not contend that the indictment, on its face, fails to charge an offense, but rather that the state cannot prove that he committed the offense charged." In the instant case, Williams argued the dismissal was warranted because the indictment was predicated on an unconstitutional classification by the Ohio Attorney General; therefore, the indictment failed on its face to charge an offense. A factual determination was not necessary. Accordingly, the state's second assigned error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KENNETH A. ROCCO, J., CONCUR