[Cite as *State v. Kempson*, 2012-Ohio-1954.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 97409 and 97410**

---

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# BYRON KEMPSON

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-545099 and CR-526019

**BEFORE:** S. Gallagher, J., Blackmon, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 3, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

By: Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113


**ATTORNEY FOR APPELLEE**

Richard Agopian
The Hilliard Building
1415-1419 West Ninth Street
Second Floor
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} This is a consolidated action in which the state of Ohio is appealing the rulings of the Cuyahoga County Court of Common Pleas that vacated the plea and sentence in each of the underlying cases and dismissed the actions. For the reasons stated herein, we affirm.

{¶2} Byron Kempson was convicted of a sex offense in Michigan in 1992 and released from prison in 2003. He subsequently moved to Ohio.

{¶3} On July 1, 2009, he was indicted for failing to verify his address under the Adam Walsh Act ("AWA") on the anniversary date of his initial registration. Cuyahoga C.P. No. CR-526019. He pleaded guilty to the charge of attempted verification of current residence address in violation of R.C. 2950.06(F). The court sentenced him to two years of community control.

{¶4} On December 20, 2010, Kempson was indicted for failing to provide notice of change of address in violation of R.C. 2950.05(F)(1). Cuyahoga C.P. No. CR-545099. He pleaded guilty to the charge, and the court sentenced him to two years of community control.

{¶5} On August 22, 2011, Kempson filed a motion for withdrawal of guilty plea in each case. A hearing was held at which an oral motion to dismiss also was made. The

trial court granted the motions, vacated the pleas and sentences, and dismissed the cases on or about September 15, 2011.

{¶6} The state filed a timely appeal, raising three assignments of error for our review. The first assignment of error provides as follows:

> I. The trial court erred when it granted the motion to vacate plea and sentence and the motion to dismiss because defendant, as an out-of-state offender is subject to the Adam Walsh Act.

{¶7} In *State v. Bodyke*, the Ohio Supreme Court held that the reclassification provisions of the AWA, which required the attorney general to reclassify sex offenders who have already been classified by court order under Megan's Law, were unconstitutional. 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 67. The court severed the reclassification provisions, R.C. 2950.031 and 2950.032, and reinstated the classifications and community-notification and registration orders imposed previously. *Id*. at ¶ 66. In *State v. Williams*, the Ohio Supreme Court declared that

> S.B. 10, as applied to Williams and any other sex offender who committed an offense prior to the enactment of S.B. 10, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws. 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 22.

{¶8} This court has previously found that *Bodyke* and *Williams* apply to out-of-state offenders. *Nelson v. Ohio*, 8th Dist. No. 96988, 2012-Ohio-364, ¶ 10-13; *State v. Ortega-Martinez*, 8th Dist. No. 95656, 2011-Ohio-2540, ¶ 11. Accordingly, we overrule the first assignment of error pursuant to the precedent in this jurisdiction.

{¶9} The state's second and third assignments of error are as follows:

II. The trial court erred when it granted the motion to vacate plea and sentence and motion to dismiss in CR-545099, because defendant's duty to provide a notice of change of address was the same under Megan's Law; therefore, his conviction was not based on an unlawful reclassification but based on his continuing duty to register under Megan's Law.

III. The trial court erred when it granted the motion to vacate plea and sentence and motion to dismiss in CR-526019, because defendant had a duty under Megan's Law to verify his address on the anniversary date of his initial registration. Defendant failed to verify his address on the anniversary date of his initial registration; therefore, his conviction was not based on an unlawful reclassification but based on his continuing duty to register under Megan's Law.

{¶10} The state concedes that it has raised these assignments of error in order to preserve the issue pending the Ohio Supreme Court's disposition in *State v. Brunning,* Ohio Supreme Court No. 2011-1066; *State v. Campbell*, Ohio Supreme Court No. 2011-1061; and *State v. Gilbert*, Ohio Supreme Court No. 2011-1062.

{¶11} The state argues the trial court erred by vacating the convictions and dismissing the cases because Kempson's duty to provide notice of a change of address is identical under the AWA and Megan's Law, and his duty to verify his address is essentially the same and still constituted a violation of Megan's Law. The state contends that because Kempson was indicted under the AWA and his improper reclassification was the basis for his convictions, the trial court correctly vacated the convictions and

dismissed the actions. The state further notes that Megan's Law had been repealed during the period when Kempson was charged in CR-526019.

**{¶12}** In *State v. Gingell*, the Ohio Supreme Court vacated the conviction for a violation of the 90-day address-verification requirement of R.C. 2950.06 where the conviction was based upon an unlawful reclassification under the AWA. 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, ¶ 8. In *State v. Palmer*, the Ohio Supreme Court found that "[a] trial court may dismiss an indictment for violations of R.C. Chapter 2950 when it determines that the chapter's regulations do not apply to the accused." 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, paragraph two of the syllabus. The court recognized as follows: "Without a doubt, an indictment is defective if it alleges violations of R.C. Chapter 2950 by a person who is not subject to that chapter. There is no set of circumstances under which such a person may violate the law's requirements." *Id.* at ¶ 23.

**{¶13}** Likewise, this court has previously held that where the reclassification under the AWA is unlawful, "it cannot serve as the predicate for the crime for which [the defendant] was indicted and convicted." *State v. Ogletree*, 8th Dist. No. 96438, 2011-Ohio-5846, ¶ 8, quoting *State v. Smith*, 8th Dist. No. 92550, 2010-Ohio-2880, ¶ 29; *see also State v. Beasley*, 8th Dist. No. 96806, 2011-Ohio-6650. This court also has found that a conviction arising from an unlawfully imposed AWA reporting requirement is invalid even if the requirements under the AWA and Megan's Law are the same. *State v. Williams*, 8th Dist. No. 97005, 2011-Ohio-6763, ¶ 8; *State v. Gilbert*, 8th Dist. Nos.

95083 and 95084, 2011-Ohio-1928, appeal allowed by 130 Ohio St.3d 1479, 2011-Ohio-6124, 957 N.E.2d 1170; *State v. Grunden*, 8th Dist. No. 95909, 2011-Ohio-3687.

{¶14} Accordingly, we overrule the second and third assignments of error pursuant to the precedent in this jurisdiction.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MARY EILEEN KILBANE, J., CONCUR