[Cite as *State v. Lindsey*, 2012-Ohio-1945.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97033

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# FRANKLIN LINDSEY

DEFENDANT-APPELLANT

## JUDGMENT:
CONVICTIONS REVERSED;
SENTENCE VACATED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-530222

**BEFORE:** Celebrezze, P.J., Sweeney, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 3, 2012

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender
By:    Peter Galyardt
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Matthew E. Meyer
         Daniel T. Van
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Defendant-appellant Franklin Lindsey appeals his convictions and sentence, after pleading guilty, in Cuyahoga County Common Pleas Court Case No. CR-530222. For the reasons that follow, we reverse appellant's convictions and vacate his sentence.

**{¶2}** Appellant was previously convicted of sexual battery in Case No. CR-238068 on June 27, 1989. He was not subject to Ohio's first comprehensive sex-offender regulations, enacted as Megan's Law in 1996. Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2601. The regulations did not apply to offenders who, like appellant, completed their sex-offense prison sentences before July 1, 1997. Former R.C. 2950.04(A); *id.* at 2609; *see also State v. Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718, ¶ 13.

**{¶3}** Unlike Megan's Law, however, the Adam Walsh Act of 2007 sweepingly applied to sex offenders regardless of when their offenses occurred. 2007 Am.Sub.S.B. No. 10; scope language appears in multiple provisions; *e.g.*, R.C. 2950.04(A)(2). Based on appellant's 1989 sexual-battery conviction, the Adam Walsh Act automatically imposed a Tier III sex-offender classification. R.C. 2950.01(G)(1)(a). Tier III is the most restrictive category of R.C. Chapter 2950. It requires registration with authorities every 90 days for life as well as a number of community-notification obligations under R.C. 2950.11. R.C. 2950.07(B)(1) and 2950.06(B)(3).

**{¶4}** On November 4, 2009, appellant was indicted in Case No. CR-530222 for failure to verify his address, in violation of R.C. 2950.06, a felony of the third degree; and failure to provide a notice of change of address, in violation of R.C. 2950.05, a felony of the third degree. On February 11, 2010, appellant pled guilty to each count and was sentenced to one year in prison on each count, to be served consecutively, for an aggregate sentence of two years in prison.

**{¶5}** Appellant now appeals his convictions, raising two assignments of error for review:

> I. Appellant's conviction for failure to verify his current address under 2007 Am.Sub.S.B. No. 10 violates the Ohio Constitution.

> II. Appellant's conviction for failure to provide notice of his change of address under 2007 Am.Sub.S.B. No. 10 violates the Ohio Constitution.

Law and Analysis

I. Constitutionality of Retroactive Application

**{¶6}** For the purposes of judicial clarity, we will consider appellant's assignments of error together. Appellant argues that his convictions for failure to verify his current address and failure to provide notice of his change of address under the Adam Wash Act ("S.B. 10") violate the Ohio Constitution.

**{¶7}** The Supreme Court of Ohio recently held that "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952

N.E.2d 1108.  Further, failing to report based on a S.B. 10 registration requirement unlawfully imposed cannot serve as the basis of a reporting violation charge, and convictions for such violations are void.  *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192.  *See also State v. Brunning*, 8th Dist. No. 95376, 2011-Ohio-1936; *State v. Smith*, 8th Dist. No. 92550, 2010-Ohio-2880; *State v. Patterson*, 8th Dist. No. 93096, 2010-Ohio-3715; *State v. Jones*, 8th Dist. No. 93822, 2010-Ohio-5004.

{¶8} In the case at hand, the underlying sexual offense supporting appellant's failure to report convictions was committed well before the 2007 enactment of S.B. 10. Accordingly, the attorney general's reclassification of appellant under S.B. 10 was unconstitutional pursuant to *Williams* and could not serve as the predicate for his failure to report convictions.

{¶9} The state concedes this point stating that, based on this court's precedence, appellant's convictions for failure to verify his current address and failure to provide notice of his change of address should be vacated under *State v. Grunden*, 8th Dist. No. 95909, 2011-Ohio-3687, appeal allowed, 131 Ohio St.3d 1410, 2012-Ohio-136, 959 N.E.2d 1055.[1]  In *Grunden*, this court stated:

> The precedent in this district holds that "convictions arising from reporting violations under the AWA for any individual reclassified under its provisions are also contrary to law."  *State v. Gilbert*, 8th Dist. Nos. 95083

---

[1]The state preserved its objections regarding appellant's failure to provide notice of his change of address conviction pending resolution of cases currently before the Ohio Supreme Court.

and 95084, 2011-Ohio-1928, citing *State v. Page*, 8th Dist. No. 94369, 2011-Ohio-83, ¶ 10; *see also State v. Smith*, 8th Dist. No. 92550, 2010-Ohio-2880, ¶ 29; *State v. Patterson*, 8th Dist. No. 93096, 2010-Ohio-3715; *State v. Jones*, 8th Dist. No. 93822, 2010-Ohio-5004.

* * *

The law is quite clear; Grunden could not be reclassified under the AWA, and the improper classification cannot serve as a predicate for an offense against him. *Gingell*, 2011-Ohio-1481; *Gilbert*, 2011-Ohio-1928; *Page*, 2011-Ohio-83; *Smith*, 2010-Ohio-2880; *Patterson*, 2010-Ohio-3715; *Jones*, 2010-Ohio-5004.

**{¶10}** Following the dispositive precedent of this court, appellant's assignments of error are sustained.

**{¶11}** Judgment reversed, sentences imposed are vacated.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

JAMES J. SWEENEY, J., and
MARY EILEEN KILBANE, J., CONCUR