[Cite as *State v. Brown*, 2012-Ohio-2515.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
## No. 97746

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## JOHNNY JAMES BROWN

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-528817

**BEFORE:** Sweeney, J., Celebrezze, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 7, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Daniel T. Van, Esq.
Assistant County Prosecutor
Eighth Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS   FOR APPELLEE**

Timothy Young, Esq.
Ohio Public Defender
By:   Jeremy J. Masters, Esq.
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

JAMES J. SWEENEY, J.:

**{¶1}** The state of Ohio appeals from the trial court's order that vacated defendant-appellee Johnny James Brown's conviction for attempted manner of registering pursuant to R.C. 2923.02/2950.04. Defendant was charged and convicted of violating provisions of Ohio's Adam Walsh Act ("AWA") although he was originally classified under the former version of the law known as Megan's Law. Upon defendant's motion, the trial court vacated defendant's conviction pursuant to *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, because the provisions of the AWA could not be retroactively applied to defendant. The trial court determined that defendant's conviction under the AWA was unconstitutional.

**{¶2}** The state has raised one assignment of error as follows:

**{¶3}** "The trial court erred in vacating Brown's conviction for attempted failure to register because although he was unconstitutionally reclassified, his conduct constituted a violation under Megan's Law."

**{¶4}** The state concedes that this court has rejected this argument in numerous cases. *E.g., State v. Kempson*, 8th Dist. Nos. 97409 and 97410, 2012-Ohio-1954, ¶ 8-9. The state perfected this appeal in order to preserve the issue for further appellate review. Accordingly, this assignment of error is overruled pursuant to the precedent in this jurisdiction.

**{¶5}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR