[Cite as *State v. Henthorn*, 2011-Ohio-5579.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Appellee, | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| v. | : | |
| | : | Case No. 11-COA-011 |
| BRUCE E. HENTHORN JR., | : | |
| | : | |
| | : | |
| Appellant. | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Ashland County Court of
Common Pleas Case No. 08-CIV-086


JUDGMENT:    REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:    October 25, 2011


APPEARANCES:

For Plaintiff-Appellee:                        For Defendant-Appellant:

RAMONA FRANCESCONI ROGERS            JOSEPH P. KEARNS, JR. 0063413
0031149                                          Mason, Mason, & Kearns
Ashland County Prosecutor                     153 W. Main St.
307 Orange St.                                  Ashland, Ohio 33805
Ashland, Ohio 44805

MICHAEL D. DONATINI 0080778
Assistant Prosecuting Attorney
(Counsel of Record)

*Delaney, J.*

{¶ 1} Defendant-Appellant, Bruce E. Henthorn, appeals from the judgment of the Ashland County Court of Common Pleas, classifying him as a Tier III sex offender, when he had previously been declared to be a sexually oriented offender. The State of Ohio is Plaintiff-Appellee.

{¶ 2} In 1999, Appellant pled guilty to one count of sexual battery, a felony of the first degree, in violation of R.C. 2907.03(A)(4). He was sentenced to 14 months in prison and was classified, by operation of law, as a sexually oriented offender. No reclassification hearing was held, therefore, Appellant's classification was by operation of law. See former Ohio Revised Code Chapter 2950.

{¶ 3} In 2007, Senate Bill 10, also known as the Adam Walsh Act "(AWA")" reorganized the classification of sexually oriented offenders. See R.C. 2950.031 and R.C. 2950.032. At that time, the legislature designated the duty of reorganizing Ohio's sex offender classification based on conviction alone. Based on the level of offense, offenders were classified as either Tier I, Tier II, or Tier III offenders, with Tier III being the most serious of offenders who are required to register for life and to register every ninety days, among other restrictions.

{¶ 4} Appellant was still serving his ten year sex offender registration requirements pursuant to the previous sex offender law, known as Megan's law, in 2007. Pursuant to Senate Bill 10, Appellant was reclassified as a Tier III offender based on his conviction of sexual battery. Specifically, on December 8, 2007, Appellant received a Notice of New Classification and Registration Duties, based on S.B. 10, from the Office of Ohio Attorney General, informing him of his reclassification.

{¶ 5}  On January 7, 2008, Appellant filed a petition with the Ashland County Court of Common Pleas to challenge his reclassification pursuant to R.C. 2950.031(E). In his Petition, Appellant argued that the State's reclassification was improper and unconstitutional. Specifically, Appellant raised four issues: (1) the retroactive application of Ohio's Adam Walsh Act violated the prohibition on ex post facto laws in Article I, Section 10 of the United States Constitution; (2) the retroactive application of Ohio's Adam Walsh Action violates the prohibition on retroactive laws in Article II, Section 28 of the Ohio Constitution; (3) reclassification of the Petitioner constitutes a violation of the separation of powers doctrine; and (4) reclassification of Petitioner constitutes impermissible multiple punishment under the double jeopardy clauses of the United States and Ohio Constitution.

{¶ 6}  The State filed a Motion to Dismiss pursuant to Civ.R. 12(B)(1), (2), (4), (5), and (7) on February 8, 2008. The State argued that Appellant's Petition to Contest Reclassification constituted a defective declaratory judgment action under R.C. 2721.12 rather than a statutory petition to contest reclassification under R.C. 2950.031(E) and R.C. 2950.032(E). Because Appellant brought a constitutional challenge to S.B. 10, the State argued the trial court should consider Appellant's petition to be a declaratory judgment action and as such, Appellant was required to follow the procedural mandates thereof. In its motion, the State contended in part that the trial court lacked subject matter jurisdiction over Appellant's declaratory judgment action because Appellant failed to join the Ohio Attorney General, a necessary party to a constitutional challenge.

{¶ 7}  Appellant did not respond to the motion.

{¶ 8}  On April 30, 2009, the trial court granted the State's Motion to Dismiss. The trial court found that Appellant's Petition for Reclassification did not contest under R.C. 2950.031(E) or R.C. 2950.032(E) the manner in which the Attorney General's letter specifies that the new registration requirements apply to Appellant or whether those new registration requirements apply at all to Appellant. The trial court reviewed Appellant's petition and found that Appellant sought declaratory judgment that S.B. 10 was unconstitutional as it applied to Appellant. Because Appellant did not join the Attorney General as a party, the trial court dismissed Appellant's petition.

{¶ 9}  Appellant filed a Motion to Reconsider and for Relief on May 28, 2009. The trial court did not rule on the motion before Appellant filed his notice of appeal on June 1, 2009.  This Court, in *State v. Henthorn*, 5th Dist. No. 09-COA-020, 2010-Ohio-1731, reversed the trial court, holding that Appellant was entitled to have his petition heard by the trial court.

{¶ 10} In the interim, the Ohio Supreme Court issued its decision in *State v. Bodyke*, 126 Ohio St.3d 1235, 2010-Ohio-2424, 933 N.E.2d 753.  In *Bodyke*, the Court, at paragraphs two and three of the syllabus, held the following:

{¶ 11} "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders who have already been classified by court order under former law, impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine.

{¶ 12} "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court

and made the subject of a final order, violate the separation-of-powers doctrine by requiring the opening of final judgments."

{¶ 13} After a thorough discussion on Ohio's evolving law governing the registration and classification of sex offenders and the ensuing community-notification requirements, along with the separation of powers doctrine, Justice O'Connor explained the precise holding of the *Bodyke* case at ¶¶ 54 and 60-61:

{¶ 14} "With these principles in mind, we turn to a key aspect of the AWA-the reclassification scheme. That scheme requires the attorney general to reclassify offenders who previously were classified by Ohio judges according to the provisions in Megan's Law and its precursor.

{¶ 15} "Thus, we conclude that R.C. 2950.031 and R.C. 2950.032, which require the attorney general to reclassify sex offenders who have already been classified by court order under former law, impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine.

{¶ 16} "We further conclude that R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order, violate the separation-of-powers doctrine by requiring the opening of final judgments."

{¶ 17} Accordingly, Appellant now raises one Assignment of Error:

{¶ 18} "I. THE TRIAL COURT ERRED BY RULING THAT THE APPELLANT COULD BE RECLASSIFIED UNDER THE ADAM WALSH ACT DESPITE PREVIOUSLY BEING CLASSIFIED AS SEXUALLY ORIENTED OFFENDER." [SIC]

**{¶ 19}** In Appellant's sole assignment of error, he asserts that because he was classified as a sexually oriented offender by "operation of law", his Tier III classification is unconstitutionally imposed. In *State v. Williams,* -- Ohio St.3d --, 2011-Ohio-3374, -- N.E.2d --, syllabus, the Ohio Supreme Court held that "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws."

**{¶ 20}** Appellant was classified as a sexually oriented offender prior to the enactment of S.B. 10. Accordingly, pursuant to the Supreme Court's ruling in *Williams*, Appellant was improperly reclassified as a Tier III offender.

**{¶ 21}** Appellant's assignment of error is sustained.

**{¶ 22}** The judgment of the Ashland County Court of Common Pleas is reversed and remanded for proceedings consistent with this Opinion.

By: Delaney, J.

Gwin, P.J. and Hoffman, J. concur.


 

HON. PATRICIA A. DELANEY


HON. W SCOTT GWIN


HON. WILLIAM B. HOFFMAN

[Cite as *State v. Henthorn*, 2011-Ohio-5579.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| | : | |
| Appellee, | : | |
| | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| BRUCE E. HENTHORN JR., | : | |
| | : | |
| Appellant. | : | Case No. 11-COA-011 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is reversed and remanded. Costs assessed to Appellee.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN