[Cite as *State v. Mestre*, 2011-Ohio-5677.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96820

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RAMON MESTRE

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535193

**BEFORE:**   Sweeney, J., Kilbane, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**   November 3, 2011

**ATTORNEY FOR APPELLANT**

Nathaniel McDonald, Esq.
Assistant Public Defender
310 Lakeside Avenue, Suite 400
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Daniel T. Van, Esq.
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶ 1} Defendant-appellant Ramon Mestre appeals from the trial court's denial of his motion to withdraw his guilty plea for failure to verify his address predicate upon his unlawful reclassification under Ohio's Adam Walsh Act. For the reasons that follow, we reverse and remand.

{¶ 2} In this case, appellant was charged with violating a provision of Ohio's Adam Walsh Act; failure to verify address pursuant to R.C. 2950.06(F). This violation allegedly occurred on or about January 23, 2010. The indictment alleged that appellant had been convicted of deviate sexual intercourse under Pennsylvania state law in 1988.

**{¶ 3}** On May 21, 2010, appellant pled guilty to attempted failure to verify address pursuant to R.C. 2923.02/2950.06, which reduced the offense from a first degree felony, as indicted, to a felony of the second degree. The court imposed a two year prison term.

**{¶ 4}** On March 29, 2011, appellant moved to withdraw his guilty plea pursuant to Crim.R. 32.1 based on the authority of the Ohio Supreme Court's decision in *Bodyke*,[1] which declared that the retroactive reclassification of previously convicted sexual offenders under Ohio's Adam Walsh Act was unconstitutional. Appellant submitted an affidavit in support maintaining that he was initially classified under Ohio's Megan's Law as a sexually oriented offender. However, appellant was indicted under the more stringent classification provisions of Ohio's Adam Walsh Act. The state opposed the motion and the trial court denied it. Appellant now appeals and presents a single assignment of error:

**{¶ 5}** "The trial court erred when it denied Mr. Mestre's Motion to Withdraw Guilty Plea because Mr. Mestre's conviction is predicated on an unlawful reclassification and he is actually innocent of the charges."

**{¶ 6}** The state concedes that this Court has already resolved this issue in appellant's favor citing *State v. Ortega-Martinez*, Cuyahoga App. No. 95656, 2011-Ohio-2540, ¶17; [2] *Hannah v. State*, Cuyahoga App. Nos. 95883-95889,

---

[1] *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753.

[2] "This court has held that an unlawful reclassification under Ohio's AWA cannot serve as the predicate for the crime of failure to verify. *State v. Smith*, 8th Dist. No. 92550, 2010-Ohio-2880, ¶29; *State v. Page*, 8th Dist. No. 94369, 2011-Ohio-83. Because appellant's indictment was predicated on an unlawful reclassification, he cannot be convicted of the offense charged."

2011-Ohio-2930; *Speight v. State*, Cuyahoga App. Nos. 96041-96405, 2011-Ohio-2933. However, the state continues to defend the trial court's judgment on appeal in order to preserve the issue for further review. Accordingly, this assignment of error is sustained pursuant to the precedent in this jurisdiction.

**{¶ 7}** Judgment reversed and remanded for further proceedings consistent with this opinion.

It is, therefore, considered that said appellant recover of said appellee his costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MARY EILEEN KILBANE, A.J., and
MARY J. BOYLE, J., CONCUR