[Cite as *Nelson v. State*, 2012-Ohio-364.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96988

## ANTHONY NELSON

PLAINTIFF-APPELLEE

vs.

## STATE OF OHIO

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-648836

**BEFORE:** Rocco, J., Boyle, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** February 2, 2012

-i-

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:   Daniel T. Van
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Chief Public Defender

BY:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶ 1}   Defendant-appellant the state of Ohio appeals from the trial court order that granted summary judgment to plaintiff-appellee Anthony Nelson on his petition for relief from the application of "S.B. 10," commonly referred to as Ohio's version of the "Adam Walsh Act" (the "AWA").

{¶ 2}   The state presents two assignments of error. The state argues that, as applied to Nelson, whose original conviction occurred out-of-state, the AWA is constitutional and does not violate either the separation of powers doctrine or the Ohio

Constitution's Retroactivity Clause. The state concedes as to the first argument that this court has determined otherwise. Moreover, the state's second argument is rejected on the authority of *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. Consequently, the state's assignments of error are overruled, and the trial court's order is affirmed.

{¶ 3} The record reflects Nelson filed his petition seeking relief from the application of the AWA in January 2008. He alleged that in 1977, he was convicted in North Carolina of an offense that the Ohio Attorney General ("OAG") "determined to be substantially equivalent to [the offense of] Rape in violation of R.C. 2907.02."

{¶ 4} Nelson further alleged that he had been living in Cuyahoga County and had been registering as a sexually oriented offender under R.C. 2950.01 et seq., but had received a letter in December 2007 from the OAG that informed him that, as of January 2008, he would be reclassified and subject to new registration duties based upon the AWA. Nelson asserted that his "reclassification" by the AWA was unconstitutional on several grounds, and requested the court to declare that the AWA did not apply to him.

{¶ 5} In August 2008, the trial court granted Nelson a preliminary injunction, ordering the state to refrain from enforcing the AWA against Nelson until further order of the court. Nelson was ordered to continue to comply with the earlier version of the law.

{¶ 6} In July 2010, based upon *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, Nelson filed a motion for summary judgment with

respect to his petition. Although the state filed a brief in opposition to Nelson's motion, the trial court nevertheless granted Nelson's petition in an order issued on May 31, 2011.

{¶ 7} The state filed a timely appeal, challenging the trial court's order with two assignments of error. The state's assignments of error assert:

{¶ 8} "I. The retroactive application of the Adam Walsh Act as applied to Nelson does not violate the Separation of Powers doctrine.

{¶ 9} "II. The retroactive application of the Adam Walsh Act as applied

{¶ 10} to Nelson does not violate the Retroactivity Clause of the Ohio Constitution."

{¶ 11} In its first assignment of error, the state asserts that, because "Nelson's duty to register [as a sex offender] arose by operation of law due to an out-of-state conviction, he is not subject to the relief provided for in *State v. Bodyke* * * *."

{¶ 12} The state concedes that this court has already resolved this issue in Nelson's favor, citing *State v. Ortega-Martinez*, 8th Dist. No. 95656, 2011-Ohio-2540, 2011 WL 2112726; *Hannah v. State*, 8th Dist. Nos. 95883-95889, 2011-Ohio-2930, 2011 WL 2436619; *Speight v. State*, 8th Dist. Nos. 96041-96405, 2011-Ohio-2933, 2011 WL 2436606; *see also State v. Mestre*, 8th Dist. No. 96820, 2011-Ohio-5677, 2011 WL 5326145, ¶ 6. However, the state opposes the trial court's judgment in this appeal in order to preserve the issue for further review. *Id.* Accordingly, the state's first assignment of error is overruled pursuant to the precedent in this jurisdiction. *Id.*

{¶ 13} The state argues in its second assignment of error that the Ohio Supreme Court's decision in *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, does not apply to out-of-state offenders. Although the trial court could not have applied *Williams* since that case was not decided until July 13, 2011, the state anticipates this court will look to *Williams* as authority in addressing the second assignment of error. The state, therefore, counters by asserting out-of-state offenders "may not have an expectation of finality" as to the registration duties required when they move to a different state.

{¶ 14} However, this court declines to adopt the state's position. The Ohio Supreme Court's decisions in *Williams* and *Bodyke* are stated broadly. *Sheets v. State*, 8th Dist. Nos. 95876-95880, 2011-Ohio-4098, 2011 WL 3612231, ¶ 9; *State v. Henthorn*, 5th Dist. No. 11-COA-011, 2011-Ohio-5579, 2011 WL 5143140, ¶ 19; *see also Mestre*, at ¶ 4; *Goggans v. State*, 8th Dist. Nos. 96857-96862, 2011-Ohio-5932, 2011 WL 5825915, ¶ 13.

{¶ 15} The Supreme Court held that the AWA "interferes with the judicial power by requiring the reopening of *final judgments.*" *Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, at ¶ 55. Since "final judgments" include judgments that arose by operation of law, they necessarily also include judgments rendered by another state's court. *Mestre,* 8th Dist. No. 96720, 2011-Ohio-5677, 2011 WL 5326145. The Ohio Supreme Court declared that "S.B. 10, as applied to Williams and *any other*

*sex offender who committed an offense prior to the enactment of S.B. 10*, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws." (Emphasis added.) *Williams* at ¶ 22.

**{¶ 16}** The foregoing language leaves no doubt that the AWA, as applied to

**{¶ 17}** Nelson, violates the Ohio Constitution's Retroactivity Clause. While this court recognized in *Goggans* that its view on this issue was in conflict with the First and Twelfth Districts (*see Sewell v. State*, 181 Ohio App.3d 280, 2009-Ohio-872, 908 N.E.2d 995, ¶ 14 (1st Dist.), and *Boswell v. State*, 12th Dist. No. CA2010-01-006, 2010-Ohio-3134, 2010 WL 2653379, ¶ 6), this court still decided that this district "continues to hold that it is the correct interpretation" on the issue. *Goggans*, 8th Dist. Nos. 96857-96862, 2011-Ohio-5932, 2011 WL 5825915, at ¶ 13.

**{¶ 18}** Accordingly, the state's second assignment of error also is overruled.

**{¶ 19}** The trial court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR